|    |     |
|----|-----|
| 63 | 49  |
| 63 | 325 |
| 65 | 10  |

MAX WOLFSON v. THE TOWNSHIP BOARD OF TOWNSHIP
OF RUBICON.

| 63  | 49  |
|-----|-----|
| 121 | 437 |

*Liquor-dealer's bond—Approval of.*

| 63  | 49  |
|-----|-----|
| 128 | 629 |

| 63   | 49  |
|------|-----|
| j135 | 492 |

Where, on application for the approval of a liquor bond, *competent* witnesses were examined, *pro* and *con*, touching the valuation of the property of *one* of the sureties, which was conflicting as to *his* pecuniary responsibility, and the town board rejected the bond,—

*Held*, that the board having come to a *deliberate* conclusion on the testimony, *mandamus* will not lie to disturb the *judgment thus* exercised.

Mandamus to compel respondent to approve a liquor bond. Argued July 20, 1886. Denied October 7, 1886. The facts are stated in the opinion.

*William Potter* (*Brennan & Donnelly*, of counsel), for relator.

*Winsor & Snover* (*William T. Mitchell*, of counsel), for respondent.

CAMPBELL, C. J. Relator complained of the respondent for arbitrarily rejecting one of the sureties to his liquor bond. On presenting the bond, which was required to be in the sum of $5,500, one of the sureties was accepted, and one, named Weiss, rejected. Weiss gave a schedule of his property, with his own valuation on it. He appears to be a farmer,

63 MICH.—4.

occupying or owning four forty-acre lots, which he valued at sums aggregating $7,500. He also valued his personalty at a little over $1,100. This consisted of wheat on the ground, farm implements, horses, and cattle. His debts he put at $700.

It appeared by sworn testimony before the board that Weiss was a farmer, living on and working the N. W. ¼ of the N. W. ¼ of Sec. 5, T. 17 N., of R. 15 E. Two of the other forty-acre tracts join it, and the other, which is of least value, is three or four miles off. It would appear, therefore, that he had a homestead right, and also such farm exemptions as the law allows. His testimony, and that of some other witnesses, showed that, in their estimate, his property exceeded the amount required; but it appears that other witnesses, who showed a competent acquaintance with the land, placed it much lower, and their estimate did not make him worth enough to come up to the required standard.

In this conflict of testimony, the board, if acting honestly,—and we must assume, in its denial of the facts alleged against it, that it did so,—was not compelled to disregard the views of the witnesses who put down the values below the necessary amount. There is nothing in their testimony to make it inadmissible, and the witnesses showed that they were legally qualified to express opinions.

We must hold, on this return, that the board acted deliberately in the exercise of its judgment in coming to a conclusion on the testimony, and we do not feel authorized to disturb it.[1]

The *mandamus* must be denied.

The other Justices concurred.

[1]See *Potter v. Village of Homer*, 59 Mich. 8; *Amperse v. Kalamazoo*, Id. 78.