CHRISTOPHER POST v. THE TOWNSHIP BOARD OF SPARTA.

[See 58 Mich. 212.]

*Approval of liquor bond—Pecuniary responsibility of surety.*

1. In determining the *pecuniary* responsibility of a surety on a liquor bond, *personal* property as well as *realty* must be considered by the board, and it is wrong to refuse credit for it.[1]

2. A township board cannot act *capriciously*, or against evidence, in passing upon a liquor-dealer's bond, but are bound to act *fairly*, and in perfect *good faith;* but such body has the right to consider *competent* testimony concerning the *value* of the property of a proposed surety. *Wolfson v. Township Board of Rubicon*, 63 Mich. 49.

3. While not prepared to say that a liquor dealer has an unlimited right to come before the board from time to time and show that his proposed sureties have more property than they had previously disclosed, it is unfair not to permit *some* further showing when an issue has arisen as to value; but any *intentional* silence on such subject is not entitled to great consideration, and where it appears that property claimed by such surety has been withheld from the *assessors*, such fact is worthy of consideration by the board in passing on the facts.

Mandamus to compel approval of liquor bond. Submitted October 19, 1886. Denied October 21, 1886. The facts are stated in the opinion.

---

[1]Act No. 313, Laws of 1887, § 8, confines property to real estate in the county where business is carried on.

*Frank G. Holmes,* for relator.

*M. H. Walker,* for respondent.

CAMPBELL, C. J.   This application is for a *mandamus* to compel the approval of a liquor bond.   The chief grounds of complaint were the alleged unreasonable conduct of the board in conducting an investigation into the property of the sureties of the applicant, and in their excluding from consideration the personal property of the sureties, and that their action was inquisitorial, and for the purpose of enabling the assessing officer of the township to enlarge their assessment.

The answer, which is not put in issue, and must be accepted as true, denies that the board's action was based on any deduction of personalty, and sets up that, after the examination made, the board could not agree in finding the sureties responsible to a large enough amount.   They deny any unfair purpose in any of their action.

We have no doubt that personal property as well as realty must be considered in determining the amount of the surety's property.   Many of the wealthiest citizens hold very little land, and it would be absurd to doubt their ability on that account.   The law has means of reaching any class of assets, and it is entirely wrong to refuse credit for it.   If this complaint had been substantiated, we should be compelled to interfere.   But it is distinctly denied that any such consideration prevailed.

The fact that one-half of the board were satisfied of the responsibility of the sureties, together with other circumstances indicating some feeling, might induce us, if we were judges of the facts, to scrutinize the matters very closely.   But we cannot do this, and a majority of the board agree in denying any sinister purposes.   We must accept this showing on this record as governing our present action.

We have held in the cases relied on upon the hearing that

the board cannot act capriciously, or against evidence, in such matters. They are bound to act fairly, and in perfect good faith; but we have also decided that the board is not precluded from considering competent testimony concerning the value of property. *Wolfson v. Township Board of Rubicon,* 63 Mich. 49. In the present case it appears quite distinctly that there was testimony which, if honestly believed, was open to consideration. We are not prepared to say that the petitioner had unlimited right to come in, from time to time, and show that his sureties had more property than they had previously disclosed. When they undertook to give lists of their property up to a sufficient amount, it would have been unfair not to permit some further showing, when an issue had arisen as to its value. But we cannot agree that any intentional silence on such matters is entitled to a great deal of consideration, and we think that, where property is withheld from the assessors, it is worthy of consideration, on determining such a controversy as the one before the board, in passing on the facts.

We cannot avoid some doubt whether extraneous considerations may not have entered into this action; but we have no power to grant a *mandamus,* unless it clearly appears that there has been a violation of legal right, which we cannot, on a record such as this is, decide against the return, when facts are in dispute. If there has been wrong purpose or misrepresentation, whatever other-remedy may exist against the wrong-doers, this is not open to redress on this hearing.

The *mandamus* must be denied.

The other Justices concurred.