GEORGE A. McHENRY AND HARVEY P. WYMAN v. THE TOWNSHIP BOARD OF CHIPPEWA.

*Mandamus to compel approval of liquor bond—Determination of board as to sufficiency of sureties.*

Where nothing is disclosed by the return of a township board show. ing that its discretionary power has not been exercised reasonably and in good faith in passing upon the sufficiency of sureties on a liquor bond, a *mandamus* to compel its approval will be denied.

Mandamus to compel respondent to approve a liquor bond. Argued January 27, 1887. Denied February 3, 1887. The facts are stated in the opinion.

*M. Brown,* for relators.

*Frank Dumon,* for respondent.

SHERWOOD, J.   This case is an application to this Court for a writ of *mandamus* to compel the respondent to approve of a druggist's liquor bond; the same being fixed by the board at $3,000.

An order to show cause was granted, and the case is now before us on the return of the township board, after an

opportunity has been given, under the direction of this Court,. to said relators to be heard.

The return shows that, after hearing the testimony of the relators and their witnesses in the case, and mature deliberation had thereon by the board, they found one of the sureties. upon said bond offered for approval, viz., William P. Wyman, was insufficient, not being worth $3,000 over and above his. debts and exemptions, and therefore they again rejected the bond. There is nothing disclosed in the return showing that the discretionary power of the township board was not exercised reasonably and in good faith; and that is all that can be required of them in this class of cases. *Post v. Sparta*, 63. Mich. 323; *Wolfson v. Rubicon*, Id. 49; *Vincent v. Mecosta Co. Supervisors*. 52 Id. 340; *Potter v. Village of Homer*,. 59 Id. 8; *Parker v. Portland*, 54 Id. 308.

*Mandamus* must in this case be denied, with costs.

The other Justices concurred.