ALBERT BARTLETT *vs.* LYMAN HAWLEY.

April 25, 1888.

**Malicious Prosecution—Province of Court and Jury.**—In an action for malicious prosecution the question of probable cause, upon a given state of facts, is for the court; but whether the prosecution originated in malice is for the jury.

**Same—Malice, how Proved—When a Question for the Court.**—It may be inferred by the jury from the want of probable cause, and also from conduct showing vindictiveness and ill-will, or an attempt to use criminal process to compel the settlement of a disputed claim. But undisputed evidence, clearly showing that the defendant has knowingly and wrongfully instituted a groundless prosecution in wilful violation of duty and disregard of the rights of the plaintiff, may establish a *prima facie* case of malice as matter of law such as (if unrebutted) to justify the court in setting aside an adverse verdict.

**Same.—***Held* that, upon all the evidence, this case was for the jury to pass upon.

**Trial—Qualification of Instruction.**—Where a request to charge is qualified, but afterwards substantially given, or the qualification is such that, considered in connection with the general charge, the jury cannot reasonably be misled, there is no ground for exception.

Malicious Prosecution—Liability for Unauthorized Acts of Officer.—
Where a warrant is issued to an officer in a criminal prosecution, the party
making the complaint is not liable for an act of the officer, unauthorized
by the warrant, unless he is shown to have otherwise aided or authorized
such wrongful act.

Appeal by plaintiff from an order of the district court for Rice
county, *Buckham,* J., presiding, refusing a new trial after verdict for
defendant, in an action for malicious prosecution.

*John H. Case,* for appellant.

*Geo. W. Batchelder,* for respondent.

VANDERBURGH, J.  The first assignment of error is that the verdict
in defendant's favor was not justified by the evidence, and is con-
trary to law.  There was a controversy as to the ownership of the
property in question, a team of horses, which had been delivered to
plaintiff by defendant on a contract for the sale thereof, under which
plaintiff claimed the right to hold them.  A small portion only of
the purchase-money had been paid.  Plaintiff was discharged from
defendant's service, and there was a dispute between them about
defendant's right to the horses.  He took them out of plaintiff's pos-
session by force, and against his protest, and there was evidently a
bitter feeling between the parties.  Soon after, upon the same day,
the plaintiff went to defendant's barn, and retook the horses, and
placed them in the barn of a neighbor.  The defendant thereupon,
the same evening, made complaint before a magistrate, and caused
a warrant to issue for the plaintiff's arrest for the larceny of the
team.  Upon these facts, which are substantially undisputed, there
is no doubt that the advice of the county attorney, as testified to by
him, given upon defendant's application, that there was no ground
upon which to base a criminal charge of larceny, was correct; and
apart from the consideration of the effect to be given to the advice of
other counsel received by the defendant in the case, of which we will
speak later, the prosecution should be held, *prima facie,* at least, to
have been without probable cause, as matter of law; (*Hall* v. *Suy-
dam,* 6 Barb. 83, 90; *Weaver* v. *Townsend,* 14 Wend. 192;) and the
plaintiff was entitled to an instruction to the jury to that effect, upon
request.

The defence is, however, rested chiefly upon the fact that the defendant acted upon the advice of other counsel, which he relied on, as he testifies, rather than that of the county attorney. The advice of counsel is relevant and material both to show probable cause and the absence of malice; and probable cause does not depend upon the actual state of the case in point of fact, but upon the honest and reasonable belief of the party prosecuting. 2 Greenl. Ev. § 455. But good faith in acting under the advice of counsel is necessary in order to protect the party. *Cole* v. *Curtis,* 16 Minn. 161, (182, 203.) Malice may be inferred by the jury from want of probable cause, but is not presumed by the law mainly for that reason. *Stewart* v. *Sonneborn,* 98 U. S. 187. It may also be inferred from evidence of an intention to use criminal process as a means of compelling the settlement of a disputed claim. *Grinnell* v. *Stewart,* 32 Barb. 544, 550; Add. Torts, 226. It may be proved by evidence of defendant's conduct, admissions, and declarations, showing ill-will, passion, or vindictiveness, and his forwardness or activity in exposing the plaintiff, by a publication of the proceedings against him; (2 Greenl. Ev. § 453;) and so if he knowingly and wilfully institute a groundless prosecution. In *Wills* v. *Noyes,* 12 Pick. 324, it is said: "The malice necessary to be shown, in order to maintain this action, is not necessarily revenge or other base and malignant passion. Whatever is done wilfully and purposely, if it be at the same time wrong and unlawful, and that known to the party, is in legal contemplation malicious. That which is done contrary to one's own conviction of duty, or with a wilful disregard of the rights of others, whether it be to compass some unlawful end, or some lawful end by unlawful means, or to do a wrong and unlawful act, knowing it to be such, constitutes legal malice." But the general rule is that the question of malice is for the jury, though it may be true that in some cases the evidence of want of probable cause and of intentional wrong may be so clear as to authorize the court to hold that certain undisputed facts establish a *prima facie* case, warranting a verdict unless rebutted. *Briggs* v. *Richmond,* 10 Pick. 391, (20 Am. Dec. 526.) And see *Kavanagh* v. *Beckwith,* 44 Barb. 192; *Robinson* v. *Stewart,* 10 N. Y. 189, 194; *Cunningham* v. *Freeborn,* 11 Wend. 240; *Webb* v. *Daggett,* 2 Barb. 9.

In this case there was strong evidence of malice on the part of the defendant, and the plaintiff had a right to call upon the judge for specific instructions to that effect, and that the case made by plaintiff, particularly including the evidence of the county attorney, and that of the justice of the peace as to the admissions of the defendant on the examination before him, was sufficient to entitle plaintiff to recover. But upon the evidence, though we think the case not free from doubt, and we sustain the trial court with some hesitation, the question of malice was for the jury; and if we concede that a *prima facie* case was made by plaintiff's evidence, requiring evidence in rebuttal or explanation, yet we cannot say that the evidence on the part of the defendant in respect to the advice of counsel and his reliance thereon, though subject to criticism before the jury, was not proper to be submitted to them on the question of his good faith. He was not obliged to consult the county attorney, and he might act in good faith in following the advice of other counsel in opposition to his. It is a circumstance to be very carefully considered, upon the question of defendant's good faith; for if the advice he received did not induce an honest belief that he had probable cause, and that the plaintiff was guilty of larceny, it would afford him no legal protection. He admitted, indeed, in his cross-examination in this case, that he testified on the preliminary examination "that he did not know that he had any reason to think defendant a horse thief;" "that he did not really call what Bartlett did stealing." But we have not the whole of his evidence on that examination, and on this trial he testified "that when he made the complaint he supposed that the plaintiff had stolen the horses." "I made the complaint. Did not make it maliciously. Had no malice against the plaintiff. I thought he had taken the horses out of my barn, and had committed the crime of larceny." He also testified that, in making the complaint, he acted on the advice of an attorney; that he had previously consulted him, after stating to him all the facts relating to the transaction about the horses and the trade; that he locked the horses in the barn; saw the plaintiff pull the barn door open. "I went and consulted Bassett. He advised me to get a warrant for breaking and entering the barn. * * * Mr. Bassett had advised me to have

the plaintiff arrested in case of his attempting to take the horses and taking them." This evidence was competent on the question of malice, and any evidence tending to disprove malice was proper. *Garrett* v. *Mannheimer*, 24 Minn. 193. The cross-examination might have drawn out the particulars of the consultation with Bassett, and the attention of the jury should have been directed to the ground of defendant's justification by appropriate requests. But, upon all the evidence, we are of the opinion that the question of good faith and credibility of the defendant was for the jury. The trial court appears to be satisfied with the verdict, and has refused, in the exercise of its discretion, to grant a new trial upon the evidence, and we will not assume to interfere on this ground.

The second error complained of is substantially disposed of in the consideration of the first. The qualification of plaintiff's first request made by the court, considered in connection with the general charge, evidently was to call the attention of the jury to the defence, and to submit it to them as matter for their consideration in rebuttal of the evidence which might otherwise be sufficient to make a *prima facie* case against the defendant. And the required instruction, which was proper in itself, upon the whole case presented by the evidence, was fully covered by the fifth request on the same subject, which was given.

In respect to the third assignment of error, it is sufficient to say that if the imprisonment complained of was the necessary result of the issuance of the warrant sworn out by the defendant, his liability therefor would depend upon the sufficiency of his defence to the principal charge. If it was the wrongful act of the officer, and an abuse of the process, then the defendant would not be liable unless he was connected with or authorized the alleged wrong. *Gunz* v. *Heffner*, 33 Minn. 215, (22 N. W. Rep. 386.)

Order affirmed.