WILLIAM A. PALMER v. THE PRESIDENT AND TRUSTEES OF THE VILLAGE OF HARTFORD.

*Liquor traffic — Bond of dealer — Refusal of village board to approve—Mandamus.*

1. Act No. 313, Laws of 1887, gives a village board the power to reject a liquor-dealer's bond on the ground of the pecuniary irresponsibility of the sureties, or either of them, and the board is not bound by the affidavit of the sureties.

2. Where the answer of the village board shows that after investigation, and from their own knowledge, one of the sureties on a proposed liquor-dealer's bond is not responsible for the penalty, a *mandamus* to compel its approval will be denied.

*Mandamus.* Submitted October 25, 1888. Denied November 28, 1888.

Relator applied for a *mandamus* to compel respondents to approve a liquor-dealer's bond. The facts are stated in the opinion.

*Hilton & Chandler*, for relator.

*Lincoln H. Titus* and *Dallas Boudeman*, for respondents.

LONG, J. This is a petition for *mandamus* to compel the president and trustees of the village of Hartford to approve a liquor bond.

The claim made by the petition is that relator is a resident of Hartford, Van Buren county, and that on June 25, 1888, he made and executed a liquor bond, as provided by the statute, with Clark Samson and Ira W. Allen as sureties thereon; that said sureties both justified under oath as required by law in a sum equal to the penalty of said bond, which justification was duly indorsed on said bond, in all respects in accordance with

the provision of the statute in such case provided. Relator presented said bond to the board of trustees of the village on June 25, 1888, a special meeting of the board being called for the purpose of considering said bond. The board of trustees refused to approve the bond, or to allow the bondsmen to appear before the board and make an inventory and statement of their entire property, which, the petition alleges, is largely in excess of that required by law, and, at the request of relator to take some action, indorsed on said bond the following: "Rejected by village board for insufficiency of sureties."

The petitioner alleges that the sureties are amply responsible for the full amount required by law, and that they are ready and willing to make a complete inventory and statement of their property, and its value, but that the said board arbitrarily refused to receive the same, or to take any action in relation thereto, except to make the indorsement before stated.

On filing the petition in this Court an order to show cause was made at the last term of this Court. Respondents' return to the order is now filed, and in which it is admitted that the bond was presented with Clark Samson and Ira W. Allen as sureties, and action taken thereon as alleged in the petition. Respondents deny the facts set forth in affidavits of the sureties, and claim that after the presentation of said bond they made an examination and investigation as to the property owned by said sureties, and the value thereof, and of the indebtedness of said sureties, especially such as is charged against their real estate by way of mortgage.

That they made a fair estimate of the market value of the real estate belonging to the surety Clark Samson, and upon such fair estimate, after deducting the amount of

indebtedness standing against the same by way of mortgage, and excluding that part which is exempt from levy and sale on execution, they say that in their judgment the value of said real estate is not to exceed $2,000, and that said Samson is not in their judgment, and was not at the time of presenting said bond, worth to exceed $2,000, excluding his homestead, exemptions, and indebtedness.

· Respondents say as to the property of the surety of Ira W. Allen that they are well acquainted with its value, and with the claims against the same; that, exclusive of his liability upon his official bond as commissioner of highways of the township of Hartford in said Van Buren county, he is worth about the sum of $3,200, and if his official bond is to be considered and deducted from his property, he is worth property of about the value of $2,200.

Respondents say that, upon investigation then made, and upon their own knowledge of the value of the property of said Samson, they determined and formed their opinion that said Samson was not worth the full amount mentioned in said bond over and above all liabilities and exemptions, and for this reason they refused to accept him as bondsman for relator, and refused to approve said bond.

· Respondents further return that they arrived at their determination after a full and fair investigation of the property of the sureties, and that they were not influenced to refuse their approval by any other reason than the performance of their duties as members of the board as directed by the laws of the State. Their return is signed and sworn to by all the members of the board of trustees of the village.

It is now claimed by the relator that the village board arbitrarily refused to approve the bond on the same

day it was presented, and without any investigation as to the sufficiency of the sureties; that the affidavit annexed to the bond made a *prima facie* showing of the sufficiency of the bondsmen, and, without some legal evidence to rebut it, it was conclusive; that the board had no right to disregard the affidavits without legal proof, and no right to reject the sureties without giving a speedy opportunity to meet the facts or supply others; that it was their duty, if exception was taken to the bond in any way, to at once inform the principal of their objection, and afford him ample opportunity to remedy the defect.

We find nothing in the action of the board showing that their discretionary power was not exercised reasonably and in good faith, and that is all that is required. *McHenry v. Board,* 65 Mich. 9 (31 N. W. Rep. 602); *Post v. Sparta,* 63 Id. 323 (29 N. W. Rep. 721). The petition itself shows that a day had been fixed by the board to hear the claim of the petitioner for the approval of this bond. It is further alleged in the petition that the board refused to allow the bondsmen to appear before them and make an inventory and statement of their entire property, which, petitioner alleges, was largely in excess of that acquired by law. Respondents, in their return, say that, upon investigation and upon their own knowledge, the surety Samson was not worth the amount stated in the affidavit. This return must be taken as true.

It further appears from the petition that at the request of the relator for the board to take some action the indorsement was made "Rejected by village board for insufficiency of sureties." It does not appear that the relator made any further effort to get a hearing before the board. The ground of objection to the approval of the bond was stated and indorsed upon the bond.

The statute gives the village board the power to reject

a bond offered, on the ground of the pecuniary irresponsibility of the sureties, or either of them.    Act No. 313, Laws of 1887, § 8, provides:

"If, in the judgment of the * * * common council of the village, * * * in which said business is proposed to be carried on, said sureties, or either of them, are not worth the full sum mentioned in said bond over and above all their liabilities and exemptions, * * * they * * * shall refuse to indorse said bond with their approval."

By the same section this is required to be in real estate.   It is the duty of the board to investigate the responsibility of the sureties, and when the return shows that they have done this, and that they are satisfied that the proposed sureties are irresponsible for the amount of the bond, the writ of *mandamus* will not be granted. The statute gives the board full right and authority to decide this question.   They are not bound by the affidavit of the sureties.   They are to come to a conclusion —a judgment—as to the sufficiency of the sureties, and for this purpose may investigate the facts for themselves, using their own knowledge or any other evidence that may satisfy them upon the question.   In the present case the board say in their return that, after investigation, and from their own knowledge, one of the sureties is not responsible for the amount.

This must be held sufficient.   The writ must be denied, with costs.

SHERWOOD, C. J., CHAMPLIN and CAMPBELL, JJ., concurred.

MORSE, J.   I concur in the result.