## GEORGE H. HARRIS v. GEORGE A. WOODFORD.

*Malicious prosecution—Advice of counsel—Probable cause—Good faith.*

1. Whether one is safe in acting upon the advice of the prosecuting attorney in making a criminal complaint, though he fails to acquaint him with every fact bearing upon the offense, *quaere.*[1]

2. An instruction, in a suit for malicious prosecution, that probable cause cannot exist where good faith is lacking, may be proper, if the case admits of the question.

---

[1] For cases bearing upon the *effect* of legal advice as a defense in an action for malicious prosecution, see:

1. *Stanton v. Hart*, 27 Mich. 539, holding that advice from any but a qualified lawyer (in this case the person giving the advice had not been admitted to the bar) is not of itself a defense, no matter how honest the course of the defendant may have been in seeking for it.

2. *Thurston v. Wright*, 77 Mich. 96, holding that, in order to make such defense effective in an action for malicious prosecution for commencing a criminal suit, it must appear that the defendant made a full and fair statement of all of the facts known to him to the prosecuting attorney, who authorized the issuance of the warrant, or to his private attorney, who advised him in the premises, and that he, in good faith, acted upon such advice; also, *Peterson v. Toner*, 80 Mich. 350, holding that such advice, if based upon false statements by the defendant, is no defense.

3. *Huntington v. Gault*, 81 Mich. 144, holding that where the undisputed evidence shows that the defendant placed all of the facts upon which his complaint was predicated before the prosecuting attorney, who advised the prosecution, and that defendant

3. When a plaintiff in a suit for malicious prosecution is shown to have taken and appropriated to his own use property belonging to the defendant, proof of an attempt by the defendant to settle the matter and obtain his own does not of itself tend to show a want of criminal intent upon the part of the plaintiff, or a belief in his innocence upon the part of the defendant; citing *Fagnan v. Knox,* 66 N. Y. 525.

Error to Ingham. (Person, J.) Submitted on briefs October 6, 1893. Decided December 22, 1893.

Case. Defendant brings error. Reversed. The facts are stated in the opinion.

*Jay P. Lee,* for appellant.

*F. S. Porter* and *Black & Dodge,* for plaintiff.

HOOKER, C. J. The plaintiff obtained a verdict and judgment for $215 against the defendant in an action for malicious prosecution.

The plaintiff was local agent of the Farmers' Friend Manufacturing Company, an Ohio corporation, and the defendant, who was general agent of the same concern, caused plaintiff's arrest upon a complaint made by him for

acted upon such advice in making the complaint, a complete defense is made out; but see *Cooney v. Chase,* 81 Mich. 204, holding that the doctrine last stated was properly qualified in that case by the statement that the jury might take into account the fact whether the defendant paid anything to the attorney whom he consulted, or employed him in any way as his counsel, or distinguished him from a magistrate, it appearing that he was a justice of the peace, as well as a lawyer.

4. *Webster v. Fowler,* 89 Mich. 303, holding that the advice and concurrence of a public prosecutor is not a good defense unless it appears that the defendant fully and fairly disclosed to him everything within his knowledge tending to cause or exclude belief in plaintiff's guilt.

5. *Perry v. Sulier,* 92 Mich. 72, holding that an attorney of experience has the legal, as well as the moral, right to advise any one whether certain facts will justify a criminal charge, arrest, and examination; and where the record shows an honest and fair submission of the facts attending an alleged larceny to such an attorney, a justifiable opinion given thereon, and that the defendant acted honestly and without malice upon the advice so given, a verdict is properly directed in his favor.

the embezzlement of four grain drills, a harrow, some machinery extras and repairs, and $189.67 in money. Upon the examination the magistrate discharged the plaintiff. Upon the trial of this cause the court held that there was nothing to show that the plaintiff was guilty of the offense of embezzlement. He submitted the following questions to the jury, viz.:

1. Had defendant probable cause for making the complaint?

2. If not, was the defendant justified in making such complaint by the fact that he acted under the advice of the prosecuting attorney?

The assignments of error are all based upon the charge and the requests to charge. The court's charge consisted largely of requests of the respective counsel. The first assignment of error is made upon the following:

"You are not compelled to find that defendant acted in good faith in bringing a criminal prosecution because he swears that he took advice of the prosecuting attorney, for, if you find from the evidence that he actually had within his knowledge facts which showed that no embezzlement had been committed, then his act was malicious."

The point made upon this instruction is that it did not place the liability upon the fact that he concealed from the prosecution facts which would have shown that no embezzlement had been committed, but allowed the jury to convict upon the mere fact that he was in possession of such facts, and did not communicate them, although he did not intentionally conceal them from the prosecuting officer. In the same connection we may allude to the second assignment. The court charged:

"Before one can justify the making of a criminal complaint upon the advice of the prosecuting attorney, he must make it appear that he laid all material facts of the matter within his knowledge before such prosecuting attorney."

It is contended that he should not be held liable if he laid before the prosecuting attorney all facts in his possession which he deemed material, and that the court's charge would compel a person to decide the question of materiality at his peril. The brief of counsel does not point out what, if any, matters within the knowledge of defendant were not communicated to the prosecuting attorney because not supposed material. He seems to attack the charge as an abstract proposition. The theory upon which defendant justifies is that he acted upon the advice of one presumed to be more competent than he to judge of the materiality of the facts involved. We do not say that a man might not be safe in acting under advice, though he should fail to mention every fact bearing upon the offense; but, as the case must be reversed upon other grounds, and this inaccuracy in the charge, if it be one, is not likely to be repeated, it is unnecessary to discuss it further.

The charge is attacked for the reason that it requires good faith and belief in the guilt of the person accused to justify a verdict for the defendant. The judge charged the jury as follows:

" The intent had everything to do with it. If Mr. Woodford, at the time he made this complaint, himself believed that Mr. Harris had converted the proceeds of those drills with intent to defraud the Farmers' Friend Manufacturing Company, then there was probable cause for his action in swearing out the complaint."

There may be some authorities which hold that advice of counsel, based upon a full statement of all facts, is a complete defense, regardless of the opinions or belief of the complainant in relation to the guilt of the accused; but, if so, they are not in accord with the weight of authority. An essential element of probable cause is good faith. In *Ravenga v. Mackintosh*, 2 Barn. & C. 693, 698, it is said

to be a question for the jury whether he acted *bona fide* on the opinion, believing that he had a cause of action.

"Probable cause in general may be understood to be such conduct on the part of the accused as may induce the court to infer that the prosecution was undertaken from public motives." *Ulmer v. Leland*, 1 Greenl. 135.

And although the facts known make out a *prima facie* case of guilt, yet if the circumstances are all consistent with the innocence of the party, and the prosecutor knows the accused is not guilty, or does not believe him to be guilty, he cannot have reasonable cause for the prosecution. *Woodworth v. Mills*, 61 Wis. 44; *Fagan v. Knox*, 1 Abb. N. C. 246; *Griffin v. Chubb*, 58 Amer. Dec. 85 (7 Tex. 603); *Prough v. Entriken*, 11 Penn. St. 81; *Sharpe v. Johnston*, 76 Mo. 660; *Roy v. Goings*, 112 Ill. 656; *Brewer v. Jacobs*, 22 Fed. Rep. 217.

An instruction that probable cause cannot exist where good faith is lacking may be proper in a case which admits of the question. In this case it is contended that the jury should have been allowed to find that good faith was lacking, because of the attempted settlement of the claim, and the failure to inform the prosecuting attorney of the letters in relation thereto. When a plaintiff is shown to have taken and appropriated to his own use property belonging to his employer, proof of an attempt by the defendant to settle the matter and obtain his own does not of itself tend to show a want of criminal intent upon the part of such plaintiff, or belief in his innocence upon the part of the defendant. *Fagnan v. Knox*, 66 N. Y. 525. Nor is there anything in these letters that tends to show insincerity on the part of the defendant, or to indicate that he doubted plaintiff's guilt. The burden of proving want of probable cause is upon the plaintiff, and in answer to the *prima facie* case made by showing the arrest at defendant's instigation, and discharge, the defendant had shown circum-

stances which tended to establish probable cause. We find nothing from which a want of belief in guilt could be legitimately inferred. There was nothing to indicate bad faith, and the court should not have permitted the jury to find it by submitting the question to them.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.