## HENRY G. POUPARD v. JOSEPH DUMAS.

*Malicious prosecution—Advice of counsel—False imprisonment.*

1. Where, in a suit for malicious prosecution in causing the arrest of the plaintiff on a criminal charge, it appears that the defendant fairly submitted to his counsel all the facts that he knew were capable of proof, and acted *bona fide* on the advice given in making the complaint, he negatives the want of probable cause, and is not liable, even though the facts did not clearly warrant the advice and prosecution.[1]

2. Where a party goes before a magistrate to make a criminal complaint, accompanied by counsel, expecting to make complaint in writing, and that a warrant will issue in the usual way, and is in no manner at fault that it does not so issue, he cannot be held liable for the act of the magistrate in directing the arrest of the respondent without a warrant.

Error to Wayne. (Donovan, J.) Argued April 5, 1895. Decided May 21, 1895.

Case. Defendant brings error. Reversed. The facts are stated in the opinion.

---

[1] For cases bearing upon the effect of legal advice as a defense in an action for malicious prosecution, see *Harris v. Woodford*, 98 Mich. 147, and note; *Govaski v. Downey*, 100 Id. 429; *Thompson v. Price*, 100 Id. 558; *LeClear v. Perkins*, 103 Id. 131.

*Albert J. Chapman,* for appellant.

*Edward S. Grece* and *Thomas P. Penniman,* for plaintiff.

LONG, J. This was an action for damages for false imprisonment and malicious prosecution. Plaintiff recovered judgment in the court below for $1,000.

Plaintiff was arrested for obtaining money by means of false representations. The complaint was made to a police magistrate in Detroit by the defendant. One of the defenses made upon the trial of the present case was that defendant, before making the complaint, stated fully all the facts and circumstances within his knowledge to Albert J. Chapman, an attorney at law, and that he relied upon his advice in making the complaint. Mr. Chapman testified that the facts were fully stated to him by the defendant; that he advised the making of the complaint after such statement was made; that he went with the defendant before the magistrate, and there, in the presence of the defendant, laid the case before him, and stated fully the facts communicated to him by defendant, and in his presence; that the magistrate suggested that he would send an officer for the plaintiff, and that he would not, at that time, issue a warrant, but, if Mr. Dumas (the defendant here) was needed he would send for him; that Mr. Chapman remonstrated about arresting Poupard without a warrant, but the magistrate insisted on having the arrest made in that way. The magistrate testified that he suggested the bringing of Mr. Poupard in without a warrant, and he apparently sent the officers to make the arrest. While the magistrate testifies that he has no recollection about Mr. Chapman stating the facts to him, he does not contradict defendant's statement that the facts were all stated that defendant now testifies to.

The court charged the jury:

"You have a right to consider what Mr. Dumas did; that he went to counsel in order to shield him. Not that one fact that he took counsel to shield him, because a

man might abuse that privilege to go to counsel and lay a matter before his counsel, and say he acted upon the advice of his counsel; but you may take that into account. He went to a man learned in the law, presented his matter, and acted upon his advice. Because you must remember that men in their actions have motives; that they are governed by something; and if this Mr. Dumás went, as he did, to Mr. Chapman, and took legal advice, and acted upon it, you are to consider that as one of the circumstances, and one of the circumstances in his favor; that is, that he acted not so rashly thereby. Had he gone in, and without taking any counsel, while it would not be absolutely exonerating him (the fact that he took counsel), it would be in his favor. But when he comes to the police justice, to the magistrate, and states his case, he is bound in law, in view of the rights of other people— he is bound to state all the case. He will state it truly and fairly, that no man's rights will be trespassed upon."

This charge does not state the law. There is no distinction between civil and criminal actions upon the questions of probable cause and malice. In this State the rule has been adopted and followed that, where one places all the facts before his counsel, and acts upon his opinion, proof of the fact makes a case of probable cause, provided the disclosure appears to have been full and fair, and no material facts withheld. In *LeClear v. Perkins*, 103 Mich. 131, decided in December, 1894, the cases were fully discussed, and the rule stated that, if a prosecutor has fairly submitted to his counsel all the facts that he knows are capable of proof, and has acted *bona fide* on the advice given, he negatives the want of probable cause, and is not liable to an action for malicious prosecution, even though the facts did not clearly warrant the advice and prosecution. The cases are so fully considered in that case that it would not be profitable to restate them here. The charge was in direct conflict with the settled law of the State.

In view of the fact that a new trial must be awarded, we think it proper to state that the defendant could not be held liable for the act of the magistrate in directing

the arrest of the plaintiff without a warrant, even if liability could attach to any one for that act. He went before the magistrate to make a complaint, accompanied by counsel. It is apparent that the defendant and counsel expected to make complaint in writing, and that a warrant would issue in the usual way, and the defendant was in no manner at fault that it did not, as appears by all the testimony in the case.

We do not deem it necessary to discuss the various assignments of error that are raised. Upon a retrial the court will undoubtedly protect the rights of the defendant.

The judgment must be reversed, and a new trial awarded.

The other Justices concurred.