PAWLOWSKI *v*. JENKS.

| 115 | 275 |
|-----|------|
| 128 | 629 |
| 115 | 275 |
| 134 | 1 392 |
| 115 | 275 |
| 136 | 1 686 |
| 115 | 275 |
| 143 | 2 70 |
| 115 | 275 |
| 147 | 270 |

1. MALICIOUS PROSECUTION—PROBABLE CAUSE—ADVICE OF COUNSEL.

   The advice of counsel, given after a full statement of the facts, to the effect that his client has a meritorious case, in the absence of testimony impugning the good faith of the latter, establishes probable cause for instituting suit, and will defeat an action for malicious prosecution.

2. COUNCILMEN—OFFICIAL ACTION—APPROVAL OF LIQUOR BONDS.

   The action of a member of the common council of a village in refusing to approve liquor bonds cannot be reviewed at the suit of persons claiming to have been injured thereby

Error to Wayne; Hosmer, J. Submitted October 13, 1897. Decided December 15, 1897.

Case by Frank Pawlowski against George W. Jenks for the malicious prosecution of a civil suit, and for his refusal, as a member of the common council, to approve plaintiff's liquor bond. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*William Stacey* and *Joseph R. Nolan*, for appellant.

*John F. Murphy* and *Bacon & Palmer*, for appellee.

MONTGOMERY, J. In November, 1891, the defendant and Jeremiah Jenks commenced a suit in the circuit court for the county of Huron, in chancery, to restrain the plaintiff from carrying on the business of selling intoxicating liquors in a certain building owned by him in the village of Sand Beach. The suit was based upon a clause in the deed prohibiting the grantees from carrying on such business. A preliminary injunction was issued, issue was joined in the case, and the testimony was taken in open court; and on the 3d day of November, 1892, a decree

was rendered in favor of the, complainants in that case, perpetually enjoining the plaintiff from carrying on the sale of liquors upon said premises. The case was afterwards appealed by Pawlowski to the Supreme Court, and the decree was reversed and the bill of complaint dismissed; the case being reported in 98 Mich. 110. Subsequently the plaintiff brought this action against the defendant to recover damages for the malicious prosecution of the suit in chancery, and also for the action of the defendant, as councilman of the village of Sand Beach, in refusing to approve plaintiff's liquor bonds. The case was tried before Hon. George S. Hosmer, circuit judge, who directed a verdict for the defendant. Plaintiff brings error.

The evidence on the trial showed that all the facts were stated by defendant to his counsel before the chancery suit was instituted, and that he was advised that the complainants in that suit had a meritorious suit. This testimony is uncontradicted, and there are no circumstances which authorize an inference that defendant did not act in good faith. Under such circumstances, the advice of counsel made out a case of probable cause. *Le Clear* v. *Perkins*, 103 Mich. 131; *Poupard* v. *Dumas*, 105 Mich. 326.

Plaintiff's counsel contend that probable cause, cannot exist where good faith is lacking, and cite *Harris* v. *Woodford*, 98 Mich. 147. In that case it was said, "An instruction that probable cause cannot exist where good faith is lacking may be proper in a case which admits of the question." This may be so stated in this case, but, before the force of the testimony showing probable cause —as by advice of counsel after a full statement—can be broken, there must be some testimony impugning the good faith of the defendant, as was distinctly held in *Harris* v. *Woodford*. There is no such testimony in this case.

The action of the defendant as a member of the common council of Sand Beach cannot be made the basis of a recovery. His decision on the question of the approval of the bond of plaintiff required the exercise of judgment,

and it would be intolerable that his action be reviewed at the suit of parties claiming to be injured thereby. *Amperse* v. *Winslow*, 75 Mich. 234.

Judgment affirmed.

The other Justices concurred.