128   627
s87NW  890
131   155
—————
128   627
j 135  493

### BAILEY *v.* VAN BUREN CIRCUIT JUDGE.

MANDAMUS — TOWNSHIP BOARDS — APPROVAL OF BONDS — DISCRE.
TIONARY POWERS—ISSUES.

Where the return of a township board to an application for *mandamus* to compel the approval of a druggist's bond sets up that it rejected the bond in good faith, after a full and fair investigation, because of the insufficiency of the sureties, relator is not entitled to have an issue framed as to the good faith of the board, for submission to a jury.

*Mandamus* by Phy C. Bailey to compel John R. Carr, circuit judge of Van Buren county, to permit the framing of an issue of fact in a *mandamus* proceeding. Submitted October 8, 1901. Writ denied November 12, 1901.

*Hammond & Hammond* and *Thomas J. Cavanaugh*, for relator.

*Lincoln H. Titus*, for respondent.

LONG, J. A petition was presented by relator to the circuit court of Van Buren county for a *mandamus* to compel the township board of Covert township, in that county, to approve a certain druggist bond; the relator claiming that the board did not act in good faith in refusing to approve such bond. An order to show cause was issued, and the board filed its answer to the petition. The

answer sets up, substantially, that the board, after due consideration, decided that the sureties on the bond were not financially responsible; that the board arrived at this conclusion after a full and fair investigation of their property and its value, and the amount of indebtedness and liabilities against them; and that the true reason for the refusal to approve said bond was that the board did not believe that the sureties were pecuniarily responsible for the amount of said bond. The board denies any intention to disregard the rights of relator, and is now willing to accept a bond from the relator, provided the same be signed by sureties who are financially responsible. On the coming in of this answer the relator asked the court that an issue might be framed as follows:

"Did the township board, at the time it rejected the drug bond of the relator, act in good faith in determining the sufficiency of the sureties on said bond, or did it act arbitrarily?"

The court denied the application to frame an issue. This court is now asked to issue a *mandamus* to compel the circuit court to set aside the order made and allow the proposed issue of fact.

The return made by the township board shows that that board investigated the financial responsibility of the sureties on the bond; ascertained the value of their property, the incumbrances against it, their liability on other similar bonds, and their exemptions; and from such investigation the board became satisfied that these sureties were not worth the sum named in the bond. There is no charge made in the petition that the board acted from malice or fraud. By the provisions of section 5381, 2 Comp. Laws, a druggist, before he can do business, must file a bond with the county treasurer, etc., the sufficiency of which shall be determined by the township board of the township in which he proposes to carry on such business. Under the provisions of this statute, the township board is the sole and final judge of the sufficiency of the sureties, provided it acts fairly and in good faith.

It is elementary that the writ of *mandamus* will not issue to control the exercise of judgment or discretion which the law vests in an officer. To do so would simply result in usurpation by the courts of the very power and discretion which the law confers upon others. All acts or duties depending upon a decision of a question of law, or the ascertaining of matters of fact, by the officer or tribunal charged with the duty, are considered to be judicial. Merrill, Mand. § 31; *Mooney* v. *Edwards*, 51 N. J. Law, 479. (17 Atl. 973). It was held in *People* v. *Allegan Circuit Judge*, 29 Mich. 487, that where an inferior court has acted judicially in the determination of a question of fact, or a question of law properly involved in the case in such shape as to give the power judicially thus to determine it, however erroneous the decision, it cannot be reviewed by *mandamus*. The return shows that the board acted within its discretionary power and in good faith. That is all that is required.

It was held in *McHenry* v. *Township Board of Chippewa*, 65 Mich. 9 (31 N. W. 602), that, where there is nothing disclosed by the return of a township board showing that its discretionary power has not been reasonably and in good faith exercised in passing upon the sufficiency of sureties on a liquor bond, *mandamus* to compel its approval will be denied. See, also, *Post* v. *Township Board of Sparta*, 63 Mich. 323 (29 N. W. 721); *Palmer* v. *President, etc., of Village of Hartford*, 73 Mich. 99 (40 N. W. 850); *Parker* v. *Board of Trustees of Portland*, 54 Mich. 308 (20 N. W. 55); *Wolfson* v. *Township Board of Rubicon*, 63 Mich. 49 (29 N. W. 486); *Schmitt* v. *Common Council of Village of Clinton*, 111 Mich. 99 (69 N. W. 153). That this is an exercise of judgment and discretion, see, also, *Pawlowski* v. *Jenks*, 115 Mich. 275 (73 N. W. 238); *Amperse* v. *Winslow*, 75 Mich. 242 (42 N. W. 823); *Wolcott* v. *Judge of Superior Court*, 112 Mich. 311 (70 N. W. 831).

We think the circuit court very properly refused to permit the relator to frame and submit such issue.

The *mandamus* must be denied.

The other Justices concurred.