131   154
j135   493

BRIGGS v. McKINLEY.

INTOXICATING LIQUORS—APPROVAL OF BOND—CONCLUSIVENESS.

> The good-faith action of a village board of trustees in approving a liquor bond will not be reviewed by the courts under a claim that there was an insufficient investigation as to the pecuniary responsibility of the sureties, and a consequent error in judgment on the part of the board.

*Certiorari* to Newaygo; Palmer, J. Submitted February 18, 1902. (Calendar No. 19,162.) Decided June 24, 1902.

*Mandamus* by Milton H. Briggs and F. M. Jackson, trustees of the village of Grant, to compel Alex. J. McKinley, Owen Colligan, and William Hudson, also trustees of said village, to join with relators in rescinding the approval of a liquor bond. From an order denying the writ, relators bring *certiorari*. Affirmed.

*W. D. Fuller*, for relators.

*S. D. Clay* (*George Luton*, of counsel), for respondents.

MONTGOMERY, J. This is *certiorari* to review the action of the circuit judge in refusing a writ of *mandamus*. The relators and respondents comprise the board of trustees of the village of Grant, Newaygo county. The petition avers that on the 29th of April, 1901, at a special meeting held by the board, there were present the president *pro tem.*, Briggs, McKinley, Jackson, Colligan, and Hudson, comprising the two relators and the three respondents; that at this meeting the retail liquor bond of Ors Bisard was presented for approval; that the bond was approved by a majority vote, the respondents voting in the affirmative, and the relators in the negative; that the

certificate of approval was duly indorsed, the bond returned, and filed with the county treasurer, the tax paid, and the receipt obtained; and that on May 1st said Ors Bisard entered upon the business of a retail liquor dealer. The petition sets out that, when the bond was presented for approval, a motion was made to delay proceedings until some investigation was made as to the property owned by the sureties, but that this motion was laid upon the table. The petition also avers the pecuniary irresponsibility of the sureties, and asks that the respondents be required to reconvene, and reconsider the vote by which the bond was approved. Other facts are set out in the petition,—as that one of the sureties is the real principal; but, as this fact was not made to appear to the board at the time the action was taken, we think it is obvious that it cannot be an important fact in this proceeding.

This is the first time an application has been made to set aside the action of a board approving a bond. The answer to the petition shows that the respondents acted in good faith in approving the bond. The most that can be claimed is that they erred in judgment, and that they did not give such investigation as to the property owned by the sureties as the relators conceive to be essential, and as, indeed, might have been wise. It would certainly be anomalous if the courts, in the absence of fraud on the part of municipal authorities, in a case where they have jurisdiction to determine a question of fact, and where it has been determined, and acted upon by third parties, should intervene to control their action, or set it aside, and compel new action to be taken. The law plainly commits to the common council of the village the authority to act upon such applications, to approve or refuse to approve a bond. When action has once been taken in good faith, it is not open to review by the courts. *Bailey* v. *Van Buren Circuit Judge,* 128 Mich. 627 (87 N. W. 890).

The order of the circuit judge is affirmed.

HOOKER, C. J., and MOORE, J., concurred. LONG, J., did not sit. GRANT, J., took no part in the decision.