ADKIN v. PILLEN.

1. CRIMINAL LAW—MALICIOUS INJURY—DWELLING OF ANOTHER—
   HUSBAND AND WIFE.
   Where, at the time a respondent did certain acts injurious to a
   dwelling house, the title to the house was in his wife, it will
   be presumed, as against the holder of a tax lien, that his acts
   were authorized by his wife, and therefore he was not guilty
   of willfully and maliciously injuring the house of another.

2. TAX SALES—REDEMPTION—OWNERSHIP.
   Although it is provided by section 3895, 1 Comp. Laws, that a
   tax deed shall convey an absolute title and be conclusive evi-
   dence of title in fee, the land sold, even where the State had
   acquired absolute ownership by previous tax sales, is subject
   to redemption under Act No. 229, Pub. Acts 1897, and, until
   the period of redemption expires, the original owner is the
   owner of the property.

3. MALICIOUS PROSECUTION—ADVICE OF COUNSEL.
   The advice of an attorney who was directly interested in the
   subject-matter of the controversy is no defense to an action
   for malicious prosecution.

4. SAME—INSTRUCTIONS—PROBABLE CAUSE—MALICE.
   A charge that a defendant in a suit for malicious prosecution,
   in order to avail himself of the defense of advice of counsel,
   must have acted upon it fairly and honestly, followed by a
   statement that " he has got to prosecute with the knowledge
   that he obtains from counsel, without malice, or else it is no
   protection," is not equivalent to a charge that defendant is
   responsible if he acted maliciously, although he had probable
   cause.

5. APPEAL—EVIDENCE—GROUNDS OF ADMISSIBILITY.
   It cannot be urged on appeal that testimony excluded by the
   trial judge was admissible for a purpose other than that
   brought to his attention on the trial.

Error to Muskegon; Russell, J. Submitted February
2, 1904. (Docket No. 61.) Decided June 25, 1904.

Case by George Adkin against Lorenzo D. Pillen for

malicious prosecution. From a judgment for plaintiff, defendant brings error. Affirmed.

*Clark, Jones & Bryant,* for appellant.

*Nims, Hoyt, Erwin, Sessions & Vanderwerp,* for appellee.

CARPENTER, J.   Plaintiff's wife owned certain property in the city of Muskegon. She omitted to pay the taxes assessed against the same for the years 1892 to 1898, inclusive, and on the 19th of December, 1899, defendant acquired State tax deeds of the property. The time to obtain a reconveyance under Act No. 229, Pub. Acts 1897, expired July 5, 1900. In June, 1900, a few days before the expiration of this time, plaintiff removed from the house some doors, windows, door frames, and casings, and injured the property. Defendant thereupon instituted a criminal prosecution, charging plaintiff with willfully and maliciously injuring his dwelling house, contrary to section 11584, 3 Comp. Laws. These proceedings were dismissed on the ground that defendant had not such an interest in the property as would authorize him to institute the prosecution. Thereupon this suit for malicious prosecution was instituted. It resulted in the court below in a verdict and judgment for plaintiff. We are asked to reverse that judgment for several reasons.

1. It is insisted that defendant was entitled to a verdict on the ground that the evidence shows that plaintiff was actually guilty of the offense for which he was prosecuted. To commit that offense, one must " willfully and maliciously destroy or injure any house, barn, or other building of another, or the appurtenances thereof." Section 11584, 3 Comp. Laws. It is to be inferred, and it is assumed, that what plaintiff did was authorized by his wife, who owned the fee. He was therefore not guilty of a crime under this statute, unless at the time of the injury defendant owned the property.

Let us ascertain the character of defendant's owner-

ship. It is to be inferred that some of the tax titles purchased by defendant had become absolute in the State before Act No. 229 of the Public Acts of 1897—the act which gives the owners the right of redemption—took effect. Defendant acquired his deeds under section 72 of the general tax law (section 3895, 1 Comp. Laws) enacted in 1893. By that section it is provided:

" Such deeds shall convey an absolute title to the land sold, and be conclusive evidence of title in fee in the grantee, subject, however, to all taxes assessed and levied on such lands subsequent to the taxes for which the same was bid off."

Notwithstanding the fact that the State had acquired the absolute ownership of this land, and notwithstanding the language above quoted, the title acquired by defendant was, by Act No. 229 of the Public Acts of 1897, subject to redemption for a period of six months; and during this time defendant was not entitled to possession of the land. We have recently held (see *Auditor General* v. *Sherman, ante,* 157 [98 N. W. 995]) that, notwithstanding the language of section 72, above quoted, the title thereby conveyed is subject to sale for prior taxes under certain conditions, by virtue of Act No. 169 of the Public Acts of 1899. It is equally clear that we are bound to hold that, by Act No. 229 of the Public Acts of 1897, said title acquired under section 72 did not become absolute—and this is true whether that title had or had not become absolute in the State before sale—until the period for redemption had expired. Until the expiration of this period, during which the original owner has the sole right of possession and the right to redeem from outstanding tax titles, such owner, and not the owner of said tax titles, which may or may not become absolute, is the owner of the property. It follows, therefore, that plaintiff did not commit the crime for which he was prosecuted.

2. It appears by the testimony in the case that defendant, before instituting the criminal prosecution, stated the facts of the case to his counsel, Mr. Jones, and acted

under his advice in instituting the prosecution. Respecting this, the court charged:

"It is claimed here—you have heard the evidence on that point—that Mr. Jones was interested in this project, the purchasing of this lot;  *  *  *  that he was going to receive an interest out of the proceeds,—that is to say, that he had an interest in the project, under certain circumstances, of 45 per cent. Now, if you find that is true, gentlemen, that eliminates Mr. Jones' advice from this controversy."

It is the claim of the defendant, not only that the court erred in the foregoing charge, but that defendant was entitled to a direction in his favor because he acted under the advice of Mr. Jones. We are bound to say (and in saying this we overrule defendant's contention to the contrary) that the testimony warranted the jury in saying that Mr. Jones, the attorney consulted by defendant, had an interest in the tax deed to the land in question. The testimony warrants the inference that Mr. Jones was entitled to 45 per cent. of the net proceeds of this venture. It is our judgment that, on principle and authority, his advice under these circumstances did not afford protection. It is a complete defense to a suit for malicious prosecution that defendant actually submitted to his counsel all the facts, and *bona fide* acted on his advice. Authorities are not agreed as to the ground upon which this holding proceeds. See *Le Clear* v. *Perkins*, 103 Mich. 131 (61 N. W. 357, 26 L. R. A. 627). Some authorities hold that advice of counsel tends to establish probable cause, and also to negative malice. See *Bartlett* v. *Hawley*, 38 Minn. 310 (37 N. W. 580); *Merchant* v. *Pielke*, 10 N. Dak. 52 (84 N. W. 574). See, also, note by Prof. Tiedeman, *Sharpe* v. *Johnstone*, 21 Amer. Law Reg. (N. S.) 582. See, also, opinion of Chief Justice SHERWOOD in *Thurston* v. *Wright*, 77 Mich. 100 (43 N. W. 860). Some hold that it tends to negative malice. See *Brewer* v. *Jacobs*, (C. C.) 22 Fed. 217; *Stanton* v. *Hart*, 27 Mich. 539. Others hold that it tends to establish prob-

able cause. See *Le Clear* v. *Perkins, supra; Poupard* v. *Dumas,* 105 Mich. 326 (63 N. W. 301); *Pawlowski* v. *Jenks,* 115 Mich. 275 (73 N. W. 238); *Stewart* v. *Sonneborn,* 98 U. S. 187.

On whatever ground the defense of advice of counsel rests, it affords the defendant a defense which otherwise he does not have. We think it would not be unfair to say that it often, if not always, affords a new defense when the defense of probable cause and of absence of malice have failed. To illustrate: Cases may arise—indeed, this is one—in which, if this advice of counsel were lacking, this court would not hesitate to say, as a matter of law, that there was no probable cause (see *Rankin* v. *Crane,* 104 Mich. 6 [61 N. W. 1007]; *Fine* v. *Navarre,* 104 Mich. 93 [62 N. W. 142]; *Rogers* v. *Olds,* 117 Mich. 368 [75 N. W. 933]), and we would also say that, from this want of probable cause, the jury could infer malice (see *Gould* v. *Gregory,* 133 Mich. 382 [95 N. W. 414], and authorities therein cited). The fact, however, that defendant submitted his case to an attorney, and that the attorney, under a mistake of law, gave improper advice, which he in good faith followed, creates a defense which otherwise he did not have. It is unfair to the other party in interest that defendant, or any one similarly situated, should shield himself by advice from an associate in the very enterprise which it is claimed plaintiff injured. It is no hardship to require a complainant in a criminal case to be advised respecting such matters by one who·is not biased by his own personal and pecuniary interest. Accordingly, it has been held:

"But when the attorney is directly interested in the subject-matter of the suit, and his interest is known to the client, the client has no right to presume that he will give him an unbiased opinion; and if he takes it, and acts upon it, and it turns out to be erroneous, it will afford him no justification. The client knows that he has not consulted a disinterested and unbiased attorney. Neither a judge nor a juror thus interested would be competent to

sit in the trial of the case, and, if either should act, it would be good ground for a new trial, although he acted honestly. Why should the opinion of an attorney thus interested be entitled to greater respect than the decision of the judge? It might as well be held that, when an attorney is defendant in an action for malicious prosecution, he may justify on the ground of probable cause by satisfying the jury that, as a lawyer, he in good faith believed he had a good cause of action, although in fact he had none. We know of no authority to sustain such a proposition." *White* v. *Carr,* 71 Me. 555 (36 Am. Rep. 353).

See, also, *Merchant* v. *Pielke,* 10 N. Dak. 48 (84 N. W. 574); *Bartlett* v. *Hawley,* 38 Minn. 308 (37 N. W. 580).

3. Complaint is made of this portion of the court's charge:

"A man may be too honest, as well as not honest enough, in the commencement of litigation; and it is necessary, before this defendant here can have any protection at all by reason of the advice of counsel, that he must act upon that fairly and honestly. He cannot use that for the purpose of covering, or anything of that kind. That won't do. But he has got to be fair, and he has got to be honest. He has got to prosecute with knowledge that he obtains from the counsel, without malice, or else it is no protection whatever."

After defendant had obtained the advice of Mr. Jones, heretofore referred to, and before the prosecution was instituted, he was advised by the prosecuting attorney, and by other reputable lawyers, that the prosecution could not be maintained. If from these facts the jury found, as they might, that defendant did not believe the advice of his counsel to be sound; that he used that advice as a cover to prosecute a man whom he believed innocent; in short, that he did not *bona fide* act on that advice,—then such advice would afford no protection. See *Harris* v. *Woodford,* 98 Mich. 147 (57 N. W. 96); *Poupard* v. *Dumas,* 105 Mich. 326 (63 N. W. 301). And this, in substance, is what the court did charge, in the language

now under consideration.  We do not think that the closing sentence of this charge, " He has got to prosecute with knowledge that he obtains from the counsel, without malice, or else it is no protection whatever," instructed the jury, contrary to *Hamilton* v. *Smith*, 39 Mich. 222, and *Smith* v. *Austin*, 49 Mich. 289 (13 N. W. 593), that the fact that defendant acted maliciously would make him responsible, even though he had probable cause.  We think this language, fairly construed, in connection with what had preceded it, merely indicates that defendant, to be protected by advice of counsel, must act on that advice in good faith; and this, as we have already stated, was correct.

4. Defendant, on the cross-examination of the plaintiff, was denied the right to show that plaintiff knew that the taxes on the property had been unpaid for years, and that it was sold to the State, and that his injury to the property was done wantonly.  It is contended that this testimony was admissible because it tended to lessen plaintiff's damages.  See *Sears* v. *Hathaway*, 12 Cal. 277.  We do not think that defendant is in a position to urge the admissibility of this testimony on that ground.  When the testimony was offered and excluded in the trial court, defendant's counsel made no suggestion that the testimony bore upon the measure of damages, and it is evident that the trial judge did not determine its admissibility from that point of view.  When the first item of this testimony was offered, defendant's counsel, who was called upon by the court to state his purpose, said:

" I propose to show that he [plaintiff] wasn't charged with this offense maliciously, and to show it (if I can, I have a right to) by this witness, by showing the facts and circumstances surrounding this transaction, to show that he had ceased to be an owner of this property."

This would give the trial judge a right to suppose—and I think it inferable from the record that he did suppose— that this testimony was offered as having a bearing upon the cause of action.  From that point of view, the trial

judge correctly excluded it.  If, from another point of
view, the testimony was admissible,—that is, if it had a
bearing upon the question of damages,—it was the duty
of defendant's counsel to bring that to the attention of the
court.  Having failed to do that, he cannot complain of
the court's ruling.  It cannot be said that a trial judge
errs when he decides a question correctly from the point
of view he is encouraged to take by appellant's counsel.

No other complaint is made which demands discussion.
The judgment is affirmed.

The other Justices concurred.