ROHN v. OSMUN.

HEALTH — BOARDS—NURSES — EMPLOYMENT—NEGLECT OF DUTY— LIABILITY OF OFFICERS.
> Under section 4424, 2 Comp. Laws, as amended by Act No. 7, Pub. Acts 1903, the duty of the board of health in the matter of employing a nurse for a family quarantined because afflicted with a dangerous communicable disease, is quasi judicial, for the erroneous exercise of which the members are not liable to one who is injured thereby.

Error to Montcalm; Davis, J. Submitted November 9, 1905. (Docket No. 114.) Decided February 26, 1906.

Case by Frank Rohn against Junius E. Osmun and others, members of the board of health of the city of Greenville, for neglect while under quarantine. There was judgment for defendants on a verdict directed by the court, and plaintiff brings error. Affirmed.

*George E. Nichols*, for appellant.

*N. O. Griswold*, for appellees.

MONTGOMERY, J. This action is brought by plaintiff against the members of the common council of the city of Greenville, who are ex officio members of the board of health, joining with them the health officer. Acting under the authority of section 4424, 2 Comp. Laws, as amended by Act No. 7, Pub. Acts 1903, the health officer quarantined plaintiff and his wife, both of whom were afflicted with diphtheria, in their own home. Plaintiff was attended by his own physician, and had some money in the house. The house was supplied with groceries from a neighboring grocery, and provisions were furnished by some of the neighbors at different times. Plaintiff's wife was up and about the house most of the time, but for about one week of the time was not able to do more than drag herself to the door and take in provisions, and, at risk of taking cold, prepare food for herself and husband. The physician was in attendance twice a day. It is undoubted that the plaintiff suffered from the lack of proper nursing. The circuit judge directed a verdict for defendants, and plaintiff brings error.

The action is based upon the neglect of a statutory duty, and calls for a construction of the statute cited. The section in question reads, in part, as follows:

" When any person coming from outside the county or residing in any township, city or village within this State, shall be infected or shall lately before have been infected with a dangerous, communicable disease, the board of health of the township, city or village where such person may be shall make effectual provisions in the manner in

which they shall judge best for the safety of the inhabitants and they may remove such sick or infected person to a separate house if it can be done without danger to his health, and shall provide nurses and other assistance and necessaries which shall be at the charge of the person himself, his parents or other persons who may be liable for his support if able."

The question which presents itself is whether, under this statute, the board is bound to provide a nurse in every case in which a person is quarantined, or whether, on the other hand, a discretion is vested in the board. If the statute be literally construed, it might be said that this duty was not only positive, but that more than one nurse must be employed as the phrase is used. This construction would be so unreasonable as to suggest that it should not be adopted except upon necessity. We think the employment of the phrase "nurses" in the statute indicates a legislative intent that the board should, in the general exercise of its powers, under this section, employ nurses, and implies a discretion as to number and occasion. It is to be noted that the power to isolate is not limited to those who are at the time infected, but includes such as shall lately before have been infected. It is hardly conceivable that the legislative intent was that such convalescents should be supplied with nurses. The reasonable construction is that which gives authority to the board to decide upon the necessity and to employ such nurses as they shall deem necessary. The duty thus reposed in the board is a quasi judicial power. The neglect of such duty does not entitle a party injured by such neglect to an action, so long as the officer is acting within his jurisdiction and is not guilty of an invasion of private rights, and is not acting from corrupt motives. Mechem on Public Offices and Officers, §§ 637, 639 et seq.; *Amperse* v. *Winslow*, 75 Mich. 234; *Pawlowski* v. *Jenks*, 115 Mich. 275. There is no charge in the declaration in this case that the defendants acted from corrupt motives. Upon the question whether an inquiry into motives is open in

cases of this character there is a diversity of opinion. For a discussion of the subject, see Mechem on Public Offices and Officers, § 640. We are not in this case called upon to determine which line of cases should be followed, as the defendants' motives are not alleged to be corrupt.

The point above decided determines the case.

Judgment affirmed.

McALVAY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.