EDGAR O. DURFEE, JUDGE OF PROBATE OF WAYNE
COUNTY, FOR THE USE OF THE LEGAL REPRESENTA-
TIVES OF THE ESTATE OF MARIE RAUSCHER,
DECEASED, v. CHARLES D. JOSLYN ET AL.

92 211
101 552

92 211
s52NW 626
e131 ¹321

*Executors and administrators—General and special bonds—Res
judicata—Principal and surety.*

1. The bond given by an administrator on the sale of real estate
   is only an additional security for the moneys coming into his
   hands, and does not supersede his general bond or affect it in
   any way; and the representatives of the estate are entitled to
   recover upon both bonds, subject to the limitation that the
   entire recovery cannot exceed the whole amount due from
   the administrator, and that no greater sum can be recovered
   in the suit upon the special bond than was realized from the
   sale of the real estate.

2. The sureties upon a bond given by an administrator on the
   sale of real estate cannot complain because in a suit upon his
   general bond a recovery was had for a portion of the money
   realized from such sale, as their liability is lessened by such
   judgment.

3. In a suit upon the general bond of an administrator, the penalty
   of which was $1,000, it appeared that on an accounting a
   balance was found due the estate of $1,648.72, and that the
   administrator included in his account the sum of $830, realized
   from the sale of real estate, and judgment was rendered for
   the penalty of the bond. Suit was then brought upon the
   bond given on the sale of the real estate, and the finding on
   the accounting was introduced in evidence, as also the pro-
   ceedings had on the sale of the real estate, and the files and
   papers relating to the accounting. And it is held that the
   fact that there was no special accounting as to the money
   realized from the sale of the real estate cuts no figure in the
   case, as the amount is ascertainable from the evidence, and
   that as, owing to the amount of the penalty of the general
   bond, a full recovery could not be had in the suit on that
   bond, there is no reason why a suit upon the special bond
   should not be maintainable, even if a portion of the money
   recoverable therein has been accounted for and included in the
   judgment upon the general bond.

Error to Wayne. (Gartner, J.) Argued May 11, 1892. Decided June 10, 1892.

Debt on administrator's bond. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*James H. Pound,* for appellant.

*Chamberlain & Guise,* for defendants Joslyn and Palmer, contended :

1. The account of the administrator having been stated and settled upon the appeal, the finding of the circuit court became the conclusive and sole evidence of the rights and claims of the estate; citing *Hall v. Grovier,* 25 Mich. 428.

2. Such final judgment against the administrator having been offered in evidence as a whole, and received without objection, in the suit upon the general bond, the plaintiff is estopped from recovering in this suit, because, the same items included in that judgment, in part growing out of the sale of real estate, having been offered and received as proper evidence to sustain a recovery upon the general bond, plaintiff cannot also offer it in this case to sustain a recovery, and no other evidence except such final judgment can be considered; citing *Tucker v. Rohrback,* 13 Mich. 73; *Barker v. Cleveland,* 19 Id. 230; *Hazen v. Reed,* 30 Id. 331; *Gould v. Vaughan,* Id. 376; *Beam v. Macomber,* 35 Id. 455; *Fifield v. Edwards,* 39 Id. 264; *Adams v. Cameron,* 40 Id. 506; *Jacobson v. Miller,* 41 Id. 90.

MORSE, C. J. This is an action of debt upon a bond given by defendant Joslyn, who was the administrator of the estate of Marie Rauscher, deceased, upon the sale of real estate of said deceased. The circuit judge, Hon. George Gartner, directed a verdict for the defendants.

It appears that Joslyn, as administrator, rendered an account to the probate court of Wayne county. The order of the probate judge in relation to such account was taken to the circuit court for the county of Wayne, on appeal, where a jury found that Joslyn had received the sum of $1,850.87, and paid out $1,034.82, leaving him indebted to the estate in the sum of $816.05. The court,

however, found differently from the jury, and arrived at the conclusion that the administrator was indebted to the estate in the sum of $1,648.72, which was directed to be certified back to the probate court as the finding of the circuit court.

When the administrator first entered upon his duties as such, he executed a general administrator's bond in the sum of $1,000. Subsequent to the giving of this bond, and upon license being granted to sell certain real estate, he executed the bond in suit in the sum of $2,000. It is conceded that upon the sale of this real estate the amount realized by the administrator, over and above the amount which he was obliged to pay out for incumbrances, was the sum of $830. This sum is included in and constitutes one of the items in the administrator's general account rendered to the probate court, and determined on appeal to the circuit.

Separate actions were brought in the circuit court upon these two bonds. The suit upon the general administrator's bond was first brought to trial. The defendants in that suit were Charles D. Joslyn, Thomas W. Palmer, and William A. Moore. In such suit judgment was taken for the full amount of the penalty of the bond. On the trial of said suit the recovery was not confined to the moneys other than what was received on the sale of the real estate, but the finding of the circuit judge, which had not been appealed from, was introduced in evidence, showing the indebtedness of the administrator to be $1,648.72, and costs taxed at $79.75. The interest was computed at that time to be $406.45 on the judgment, and $18.60 on costs, making the total indebtedness $2,153.52. This was of date March 8, 1890. Judgment was entered for $1,000.

The circuit judge was of the opinion that this judgment was an absolute bar to the maintenance of the suit

upon the bond given upon the sale of real estate. The court said, in substance, that it did not appear that there was ever any accounting in the probate court for the special fund realized from the sale of the real estate, but the whole fund in the administrator's hands was accounted for in his general account; that the fund from the sale of the real estate was a subject for accounting under the bond given on sale of the real estate, and ought to have been accounted for in that manner in the probate court, and there was no way to distinguish this item from any other item in the account as allowed; that the only evidence before the court was the indebtedness against Joslyn, as found by the order of the court, upon his account as general administrator, and, there being no showing that the fund realized upon the sale of the real estate had not been accounted for, an action was not maintainable upon the bond in suit. The court further said:

"It strikes me that the proper practice, in matters of this kind, is that, after the disposition of the sale of real estate in the probate court, a special accounting should be had of the funds so realized, in order to ascertain what, if any, liability there may be or become fixed under the bond given in pursuance of special authority given by the court, or a license to sell real estate. The very purpose of giving a bond, or of ordering a new bond, is to secure such fund, and for the reason that the original bond may be insufficient. But it should be treated as a separate fund. The difficulty which arises in this case is that the judgment upon the general administrator's bond is for an excess of the amount realized by the administrator upon the sale of the real estate, and inasmuch as there is no showing in what manner it would be separated, and no evidence that it can be separated, from the other items received by the administrator, it must necessarily follow that no liability upon the special administrator's bond has become established."

The counsel for the plaintiff contended on the trial that he was entitled to a judgment for the whole indebt-

edness found against Joslyn, less the amount of the judgment on the general administrator's bond. He introduced the judgment or finding of the circuit court upon the accounting of the amount due from Joslyn to the estate; also the application to sell the real estate, the order allowing such sale, and the report of sale. The report of commissioners on claims and the certificate of a judgment on appeal in favor of a claimant, whose claim had been disallowed by the commissioners, and the administrator's account as filed, were also given in evidence by plaintiff. The probate court files in the estate of Marie Rauscher, and the circuit court files in the appeal on accounting, were also offered and admitted in evidence. The transcript of the stenographer's minutes in the former case was read by agreement of counsel, in which it appeared that Mr. Joslyn testified that he only received $830 for the sale of real estate out of the whole amount received by him.

We think the judge was in error in his ruling. If the penalty of the administrator's general bond had been large enough, the whole sum of money due the estate from Joslyn might have been recovered under it. The fact that there was no special accounting as to the fund realized from the sale of the real estate, separate and apart from the general accounting, cuts no figure in the case, if the amount due from Joslyn on account of the sale of this real estate can be ascertained from his account, or from other evidence, such as his report of sale; and there can be no reason why this suit should not be maintainable, even if some of the money for which the signers of this bond are holden has been accounted for and included in the judgment upon the general bond. The sureties upon the bond in suit cannot complain because their liability has been lessened by such judgment. The plaintiff might have contented himself in the suit upon the first bond

with a judgment for only the money in Joslyn's hands not derived from the sale of real estate, and relied upon the bond in suit for the whole fund obtained from the sale of real estate.

The bond on sale of real estate is only an additional security for the moneys coming into an administrator's hands, and does not supersede the general bond or affect it in any way; and the representatives of the estate are entitled to recover upon both bonds, with the only limitation that they cannot recover more in both suits than the whole amount due from the administrator, and no greater sum upon the special bond than has been realized from the sale of real estate under it. In this case it was conceded, as the circuit judge stated, that Joslyn received $830 from the sale of real estate, and plaintiff was certainly entitled to a judgment for this amount and interest.

The counsel for plaintiff further claims that there was $683.87 additional received upon the sale of real estate, for which he was also entitled to have judgment. From the record we are unable to determine whether this claim is correct or not, but upon a new trial this may be made to appear.

The judgment is reversed, and a new trial granted, with costs of this Court to plaintiff

The other Justices concurred.