EDGAR O. DURFEE, JUDGE OF PROBATE OF WAYNE
COUNTY, FOR THE USE OF THE LEGAL REPRE-
SENTATIVES OF THE ESTATE OF MARIE
RAUSCHER, DECEASED, v. CHARLES
D. JOSLYN ET AL.

[See 92 Mich. 211.]

*Executors and administrators—Bond on sale of real estate—Evi-
dence—Res judicata—Error without prejudice.*

1. The decision in *Durfee v. Joslyn*, 92 Mich. 211, must be con-
sidered as settling the law for this case, so far as any of the
questions therein disposed of arise upon this hearing.
2. Where, in a suit upon an administrator's bond, the defendants'
testimony shows that the administrator received certain sums
of money belonging to the estate, and there is no evidence
to the contrary, it is proper for the court to find the fact
established.
3. Where, in a suit against an administrator and his sureties upon
his bond given on the sale of real estate, the legitimate, uncon-
tradicted evidence in the case justifies the court in finding
that the defendants are liable upon the bond for the amount
received upon such sale, it becomes unnecessary to inquire
whether other evidence tending to establish plaintiff's case was
admissible or not, as, at most, its admission was error with-
out injury.

Error to Wayne. (Gartner, J.) Argued June 21, 1894.
Decided September 25, 1894.

Debt on administrator's bond. Defendants Joslyn and
Palmer bring error. Affirmed. The facts are stated in
the opinion, and in 92 Mich. 211.

*Chamberlain & Guise*, for appellants.

*James H. Pound*, for plaintiff.

HOOKER, J. Defendant Joslyn was appointed adminis-
trator of the estate of Marie Rauscher, deceased, and gave
an ·administration bond in the sum of $1,000. Marie
Rauscher died seised of a parcel of real estate, upon which
was a mortgage. Upon foreclosure sale this property
brought the sum of $683.87 in excess of the mortgage,
which sum was paid over to Joslyn as administrator.
Some months later he obtained from the probate court a
license to sell the land, which he did, receiving therefor
the sum of $830 in excess of the amount necessary to
redeem the same, which amount of $830 came to his pos-
session, the remainder being used to redeem the premises.
Before making this sale he filed the statutory bond in the
amount of $2,000. Upon a final accounting in the circuit
court he was found indebted to the estate to the amount
of $1,648.72, which order was made August 29, 1886.
Actions were brought upon the respective bonds, and a
judgment rendered upon that first mentioned for $1,000,
which was paid. Subsequently plaintiff obtained a judg-
ment upon the second bond, by direction of the court,
for $1,287.94, being the amount found due on the final
accounting, with interest, less the $1,000 paid on the
judgment on the first bond.

This cause was before this Court on a former occasion,
when it was held that the circuit judge was in error in
his conclusion that the judgment for $1,000 upon the
earlier bond was a bar to an action upon the later one.
The case will be found reported in 92 Mich. 211. It was
there held that—

"If the penalty of the administrator's general bond had
been large enough, the whole sum of money due the estate
from Joslyn might have been recovered under it."

It was said further that—

"The fact that there was no special accounting as to
the fund realized from the sale of the real estate, separate

and apart from the general accounting, cuts no figure in the case, if the amount due from Joslyn on account of the sale of this real estate can be ascertained from his account, or from other evidence, such as his report of sale; and there can be no reason why this suit should not be maintainable, even if some of the money for which the signers of this bond are holden has been accounted for and included in the judgment upon the general bond.   The sureties upon the bond in suit cannot complain because their liability has been lessened by such judgment.   The plaintiff might have contented himself in the suit upon the first bond with a judgment for only the money in Joslyn's hands not derived from the sale of real estate, and relied upon the bond in suit for the whole fund obtained from the sale of real estate.

" The bond on sale of real estate is only an additional security for the moneys coming into an administrator's hands, and does not supersede the general bond or affect it in any way; and the representatives of the estate are entitled to recover upon both bonds, with the only limitation that they cannot recover more in both suits than the whole amount due from the administrator, and no greater sum upon the special bond than has been realized from the sale of real estate under it.   In this case it was conceded, as the circuit judge stated, that Joslyn received $830 from the sale of real estate, and plaintiff was certainly entitled to a judgment for this amount and interest.

" The counsel for plaintiff further claims that there was $683.87 additional received from the sale of real estate, for which he was also entitled to have judgment.   From the record we are unable to determine whether this claim is correct or not, but upon a new trial this may be made to appear."

Under the familiar rule of the Court, this must be considered as settling the law for this case, so far as any of the questions therein disposed of arise upon this hearing. It follows that plaintiff might show that the amount found due upon the final accounting of the administrator included a sum received upon a sale of real estate, for which recovery might be had in an action upon the second bond, and that evidence might be introduced, including

his account and report of sale, to show that a sum was so received; and hence that defendants' claim that the order of the circuit court upon the accounting should be "the conclusive and sole evidence of the rights of the estate against Joslyn and his co-defendants" is untenable. Moreover, the defendants' testimony shows that Joslyn received the sums of $683.87 and $830, respectively, as hereinbefore stated, and, as, there was no evidence to the contrary, it was proper for the court to find the fact established. The legitimate evidence in the case, being uncontradicted, justified the court in finding that defendants were liable upon the statutory bond for the amount received upon the sale of the land by the administrator; hence it becomes unnecessary to inquire whether other evidence, tending to establish plaintiff's case, was admissible or not. At most, its admission was error without injury.

We think that all of the questions raised here are covered by the former decision except one, viz., the right of plaintiff to recover the whole or any part of the sum of $683.87, paid to the defendant Joslyn upon the foreclosure sale. It is contended that this amount was received before the statutory bond was given; that it was personal property in the hands of the administrator at that time, and the only interest that the estate had in the land was what should remain after payment to the purchaser at the foreclosure sale of the amount of his bid and interest. But, as the amount of $830 was received upon the 16th day of November, 1882, from the sale of the equity of redemption, the interest found due thereon by the jury and subsequently accruing justified the computation made by the circuit judge.

The judgment of the circuit court will be affirmed.

McGRATH, C. J., LONG and GRANT, JJ., concurred. MONTGOMERY, J., did not sit.