*In re* OSBORN.

CONTEMPT—ENFORCEMENT OF CIVIL REMEDY—PUNISHMENT.
  A contempt proceeding for the violation of an injunction issued at the suit of the attorney general to enforce a judgment of ouster against a foreign corporation is a proceeding to enforce a civil remedy, within chapter 301, 3 Comp. Laws, justifying the imposition of the punishment in said chapter provided. 1 Comp. Laws, § 1102.

*Habeas corpus* proceedings by H. S. Osborn to obtain his release from the Berrien county jail. Submitted June 10, 1902. (Calendar No. 19,405.) Writ dismissed June 17, 1902.

*Lawrence C. Fyfe*, for petitioner.

*Horace M. Oren*, Attorney General (*Charles W. McGill*, of counsel), for the people.

MOORE, J. The petition and the return of the sheriff show that in August, 1901, the attorney general, suing for the people of the State of Michigan, filed an information in the nature of *quo warranto* against the League of Eligibles, a foreign corporation acting under the name of League of Educators, for the purpose of securing a judgment of ouster to prevent it from doing business in this State. Such proceedings were had therein that a judgment of ouster was entered in January, 1902. In April, 1902, for the purpose of enforcing this judgment, the attor-

ney general filed an injunction bill against the League of Eligibles and others, including the petitioner. An injunction was issued therein, and served upon Mr. Osborn. It was claimed Mr. Osborn did not heed the injunction, and he was cited into court to show cause why he should not be punished for a contempt of court. After a full hearing the circuit judge found him guilty of contempt of court, and adjudged and decreed that he pay a fine of $225 and costs, amounting to $50.94, and, in default of the payment thereof, that he be committed to the county jail until such fine and costs be paid, not exceeding 80 days, and, in case of payment of the fine and costs, that he be discharged. Mr. Osborn did not pay the fine and costs, and an order of commitment was issued by the circuit judge, by virtue of which the sheriff now holds him.

A great many questions are raised by counsel. The only one which has given us any trouble is, Was the sentence excessive? It is claimed by the petitioner that the proceedings for contempt must be governed by the provisions of chapter 38, 1 Comp. Laws, and, as the punishment exceeds what the court is allowed to impose by the provisions of section 1099, the sentence is excessive and void. It is the claim of the attorney general that the proceeding is governed by chapter 301, 3 Comp. Laws, and the sentence is not excessive.

Section 1102 (chap. 38), 1 Comp. Laws, provides that nothing contained in the preceding sections shall be construed to extend to any proceeding as for a contempt for the purpose of enforcing any civil right or remedy. The attorney general filed the injunction bill for the purpose of enforcing the judgment of ouster. It is for a violation of the injunction issued in that proceeding the petitioner is adjudged to be in contempt. We think the proceeding is one to enforce a civil remedy, and the sentence was authorized by section 10915, 3 Comp. Laws.

The writ of *habeas corpus* is dismissed, and the petitioner remanded.

HOOKER, C. J., and MONTGOMERY, J., concurred. LONG and GRANT, JJ., did not sit.