WHITE *v.* SCHABERG.

1. APPEAL—EVIDENCE—OBJECTION—EXECUTOR'S BOND.
     On appeal from a judgment upon an executor's bond given on
     the sale of real estate, the question whether it was error to
     admit the bond in evidence, for the reason that no authority
     was shown for bringing suit on the bond, cannot be raised
     under an objection to the bond on the ground that no suit had
     previously been brought on the executor's general bond.

2. SAME—FINDINGS—EXCEPTIONS.
     Where no exceptions are taken to findings of fact made by the
     trial judge, assignments of error based thereon will not be
     considered.

3. SAME—ASSIGNMENTS OF ERROR.
     An assignment of error upon the finding that judgment should
     be entered for plaintiff is equivalent to an assignment that
     the findings do not support the judgment.

4. EXECUTOR'S BOND—SALE OF REAL ESTATE—ACTION.
     An action on the general bond of an executor is not a prerequi-
     site to a suit on a bond given by him on the sale of real estate.

Error to Kalamazoo; Adams, J. Submitted April 9,
1902. (Docket No. 27.) Decided July 1, 1902.

*Assumpsit* by James E. White, judge of probate of
Kalamazoo county, for the use and benefit of Henry L.
Chipman, against Herman H. Schaberg, impleaded with
Lawrence N. Burke, executor, etc., and Patrick H. Burke,
upon an executor's bond. From a judgment for plaintiff,
defendant brings error. Affirmed.

*N. H. Stewart*, for appellant.

*Moore & Goff* and *Howard, Roos & Howard*, for
appellee.

MONTGOMERY, J. This is an action against the prin-
cipal and sureties on a bond given on a sale of real estate

made by authority of an order of the probate court by an executor, the principal on the bond in suit. Under the record as presented to us, we find it impossible to deal with most of the points made in the brief of counsel for appellant.

It is first contended that there was error in receiving the bond in evidence, and in basing judgment upon it, for the reason that no authority was shown for bringing suit upon the bond. The court found as a fact, however, that such authority had been duly and regularly given, and no exception to this finding of fact appears in the record. Unless the point is made, therefore, by an exception to the introduction of testimony, the question is not properly before us. The introduction of the bond in question was objected to, it is true, but the objection was put upon the distinct ground that no suit or proceeding had previously been brought against the principal or bondsmen on the general bond of the executor, and that action could not be brought upon this bond until a suit had first been brought upon the executor's general bond. No other point was suggested by the objection, and the exception must be limited to the ruling upon the objection made. *Detzur* v. *Brewing Co.*, 119 Mich. 286 (77 N. W. 948, 44 L. R. A. 500).

The brief of defendant's counsel also attacks certain of the special findings of the court. The record shows no exception to these findings. Under Cir. Ct. Rule 26 it is settled by repeated decisions of this court that the record will not be examined for the purpose of ascertaining whether the testimony supports the findings of fact, unless the findings are excepted to under the rule. *Haines* v. *Saviers*, 93 Mich. 440 (53 N. W. 531); *Robards* v. *Waterman*, 96 Mich. 233 (55 N. W. 662).

It is, of course, competent for the appellant to assign as error that the findings do not support the judgment. While there is no such distinct assignment in terms, yet, as error is assigned upon the finding concluding that judgment should be entered for plaintiff, we think it sufficiently

raises the question as to whether, upon the findings, the plaintiff is entitled to judgment; and, as there is no finding that any suit had been brought against the sureties on the original bond of the executor, the meritorious question in the case is fairly presented for our consideration. Both counsel rely upon the case of *Durfee* v. *Joslyn*, 92 Mich. 211 (52 N. W. 626). The appellant contends that, under the authority of that case, the bond here in suit is an additional security, and that the primary obligation is upon the general bond of the executor; and deduces from that the conclusion that, until the remedy upon the executor's general bond is exhausted, no action can be maintained upon the bond in suit. We do not so construe the holding of the court in that case. It is distinctly stated in that case by Mr. Chief Justice MORSE that "the representatives of the estate are entitled to recover upon both bonds, with the only limitation that they cannot recover more in both suits than the whole amount due from the administrator, and no greater sum upon the special bond than has been realized from the sale of real estate under it." It is true that the special bond is referred to as an additional security, which does not supersede the general bond; but, had the term "cumulative security" been employed, it would have been equally apt, as appears by the holding above quoted. We think the circuit judge was right in holding that an action upon the executor's bond was not a prerequisite to the maintenance of the suit upon the present bond.

As this is the only question which it is open to the appellant to raise upon the present record, and the court rightly ruled this, the judgment will be affirmed, with costs.

HOOKER, C. J., and MOORE, J., concurred. GRANT, J., took no part in the decision.