## TAFT *v.* CHAPEL.

CORPORATIONS — DISSOLUTION — PROCEEDINGS — NOTICE — SUFFI-CIENCY.

Under section 10855, 3 Comp. Laws, an order to show cause why a corporation shall not be dissolved and a receiver appointed to wind up its business, must fix the rule day at a time not less than three months from the date of its entry, and where the rule day in such an order has been erroneous-ly fixed at less than three months, an amendment of the order and entry nunc pro tunc as of the date of the original order, fixing a date less than three months from the date of the amendment of the order, is insufficient to confer juris-diction.

Error to Jackson; Parkinson, J.   Submitted June 20, 1906.   (Docket No. 88.)   Decided October 1, 1906.

Assumpsit by Harvey C. Taft, receiver of the Masonic Life Association, against George W. Chapel for an assessment.   There was judgment for defendant on a verdict directed by the court, and plaintiff · brings error. Affirmed.

Plaintiff, acting receiver of the Masonic Life Association, a Michigan corporation, in process of liquidation, sued defendant, a policy holder, to recover an assessment made by the circuit court, in chancery, for the county of Kent, upon members of the association.   It appears that on September 1, 1896, the trustees of the association joined in a petition for a decree dissolving the corporation and for a receiver.   An order was that day made that all· persons interested in the corporation show cause on November 6, 1896, why it should not be dissolved, and that notice of the order be published once ·in each week for three successive weeks in the Grand Rapids Daily Democrat.   On September 22, 1896, a further petition was filed for an order amending the original order to show cause so that the rule day should be December 6th instead of November 6th, it being claimed that an error in calculation was made in preparing the first order.   The amendment was made as requested, as of September 1, 1896, and the amended order was duly published, first on October 3, and last on October 24, 1896.   To the introduction of proof of these orders, it was objected for defendant that the first order to show cause was void because the rule day was made two months instead of three months from its date; that the second and amended order was void because it did not run three months from the date of actual entry of the order, and that the court making these orders acquired no jurisdiction to make the order of assessment sued upon.   The objection was sustained, and a verdict for defendant, by direction of the

court, and a judgment in conformity with the verdict were rendered. Error is assigned upon these rulings. It was also further objected by defendant that the proceedings should have been under the provisions of Act No. 187, Pub. Acts 1887.

*A. C. Hindman* (*Robert Campbell*, of counsel), for appellant.

*D. P. Sagendorph* and *R. S. Woodliff*, for appellee.

OSTRANDER, J. (*after stating the facts*). In *Re Angell*, 131 Mich. 345, it was not conceded by counsel for the receiver that the proceeding was governed by chapter 300, 3 Comp. Laws, but was contended that it was governed by the provisions of the act under which the corporation was organized, viz., Act No. 187, Pub. Acts 1887 (2 Comp. Laws, §§ 7497–7529), and the question whether the receiver's salary should be fixed according to the organic act was not determined. I understand it to be now conceded that the proceedings to wind up the affairs of the corporation were begun and continued to the point of appointing a receiver and making the assessment upon members under authority of the provisions of chapter 300. Reference to that statute will discover that the judicial proceedings for voluntary dissolution of a corporation begin with a petition, upon the filing of which an order is made requiring all persons interested in the corporation to show cause why the same should not be dissolved at some time and place to be specified "not less than three months from the date thereof." See 3 Comp. Laws, § 10855. The only service of notice of this order which is provided for is by publication of its contents once in each week for three successive weeks in a designated newspaper. No other or further notice is required to be given to stockholders before the question of insolvency is determined, and in case insolvency is found, the appointment of a receiver is made. The statute order and the statute publication thereof are therefore necessary and jurisdictional steps so far as sub-

sequent proceedings are concerned. The two months' order made was clearly insufficient. It had no force or validity, and by it the proceeding was not advanced. The order made and entered on September 22, 1896, nunc pro tunc September 1, 1896, did not, from its entry, allow three months before rule day. It is argued that it was published for three successive weeks after September 22d and before the rule day and that, as the statute does not require publication to begin at any time and as publication is the essential thing, no one was injured. This argument would sustain jurisdiction in a case where the order was made just three weeks before rule day nunc pro tunc a date three months before rule day. The statutory formula for the order is that the rule day shall be not less than three months "from the date thereof." The order and notice are in the nature of a substitution for process, a constructive notice of legal proceedings. Courts have uniformly ruled in cases of like character in favor of strict compliance with statute provisions.

No other question is presented by the appellant. The judgment is affirmed.

CARPENTER, C. J., and McALVAY, HOOKER, and MOORE, JJ., concurred.