## SCOTT v. SULLIVAN.

1. COURTS—SUPREME COURT—QUORUM.
   A majority of the five justices of the Supreme Court who decided a case may settle the formal decree.

2. SAME—REHEARING—MOTION.
   A rehearing will not be granted because two of five justices who sat in a case have been removed by death, resignation, or expiration of term before the entry of a decree, where no dissenting opinion was filed.

Foreclosure proceedings by Emmet H. Scott against Thomas G. Sullivan and others. A motion for rehearing was filed and denied on May 7, 1910. On motion to vacate the order denying a rehearing and on objections to the settlement of a decree because two of five justices who decided the cause had ceased to hold office. Submitted July 14, 1910. (Calendar No. 23,610.) Denied February 1, 1911.

*William G. Fitzpatrick* and *John J. Speed*, for the motion.

*Ball & Stone, contra.*

HOOKER, J.   I am of the opinion that a majority of the five judges who sat in this case may settle the formal decree whether others than those who sat may participate or not, which we do not decide, and whether the entry of a formal decree is more than a ministerial matter, if essential at all under article 6, § 10, Const. 1850 (article 7, § 7, of the Constitution of 1909), which we need not decide.   This court was made a tribunal of eight justices by Act No. 250, Pub. Acts 1903.   Previous to that time there were five, of whom three constituted a quorum (1 Comp. Laws, § 185), and two being a majority of the quorum their concurrence in an opinion was an adjudication.   See 11 Cyc. p. 759.   Three of five judges have sat in this court many times, notably during the long illness of the late Mr. Justice LONG.   We append a list of some of said cases:   *Pokrefky* v. *Detroit Firemen's Fund Ass'n*, 131 Mich. 40 (90 N. W. 689).; *In re Osborn*, 131 Mich. 118 (90 N. W. 1029); *Briggs* v. *McKinley*, 131 Mich. 154 (91 N. W. 156); *Carpenter* v. *Wood*, 131 Mich. 314 (91 N. W. 162); *Barber* v. *Eberle's Estate*, 131 Mich. 317 (91 N. W. 123); *White* v. *Schaberg*, 131 Mich. 319 (91 N. W. 168); *De Mary* v. *Burtenshaw's Estate*, 131 Mich. 326 (91 N. W. 647); *In re Angell*, 131 Mich. 345 (91 N. W. 611).   In the case of *Chase* v. *Boughton*, 93 Mich. 285 (54 N. W. 44), one of three dissented, yet the principles there laid down seem to have been considered *stare decisis*, the case having been cited in *George* v. *Electric Light Co.*, 105 Mich. 5 (62 N. W. 985); *Hall* v. *Nester*, 122 Mich. 146 (80 N. W. 982); *Perry* v. *Reed*, 147 Mich. 147 (110 N. W. 529); and *Fuller* v. *Bilz*, 161 Mich. 589 (126 N. W. 712).   By these provisions of the statute five now constitute a quorum, and when three of the five concur in an opinion it disposes of the case, and judgment

may be entered upon the opinion although only three concur, and if no motion for rehearing be made it stands as valid as any judgment or decree. We have even held that four out of seven not only may make a valid judgment, but that it is *stare decisis*. *Dolph* v. *Norton*, 158 Mich. 422 (123 N. W. 13). If it may be done while the dissenting justices are members of the court and against their protest by a bare majority of one, there would seem no reason why it cannot be done by three after two of the concurring judges have been removed by death, resignation, or expiration of term.

The settling of a decree is apparently considered so far ministerial that it is usually done by a single judge, viz., the writer of the opinion, and is expected to follow the opinion. He may or may not call in one or more of those who sat, but in any case where it is proposed to change the opinion, or disregard its provisions, a rehearing, formal or informal, before a quorum, is deemed necessary.

The statute gives the right to a rehearing only when the five sitting justices do not all concur in the opinion:

"Whenever there shall be filed a dissenting opinion in a case heard by a quorum of five judges only, the parties therein shall have a right to a rehearing before the entire bench upon making a proper application therefor." Act 250, Pub. Acts 1903.

Were the rule as contended for by counsel asking the rehearing, a sudden death of a judge might make many rehearings necessary. The motion should be denied.

Ostrander, C. J., and Bird, McAlvay, Moore, Brooke, Blair, and Stone, JJ., concurred.