# Ohio Nisi Prius Reports

## NEW SERIES—VOLUME XXI.

Causes Argued and Determined in the Superior, Common Pleas, Probate and Insolvency Courts of Ohio.

### PROCEEDINGS AGAINST RECEIVERS INCURRING AN UNAUTHORIZED INDEBTEDNESS.

Common Pleas Court of Hamilton County.

THE SHAWNEE LUMBER COMPANY v. PHINEAS S. PHILLIPS ET AL.[*]

Decided, October Term, 1917.

*Receivers—Continuation of the Business—New Indebtedness Incurred in Excess of Authority—Form of Action for Recovery by Creditors from the Receivers and their Bondsmen.*

Where receivers have incurred an indebtedness greatly in excess of the amount to which they were limited by order of court, the proper procedure by creditors holding claims so incurred without authority is by the filing of an intervening petition against said receivers and their bondsmen in the original action in which the receivers were appointed, rather than by the filing of an independent action.

*Jackson & Woodward* and *Bruce & Bruce*, for the demurrer.
*Charles W. Baker* and *Thorne Baker*, contra.

---

[*]Affirmed by Court of Appeals from bench, February 8, 1918.

GEOGHEGAN, J.

Heard on demurrer to the petition.

For the purposes of this demurrer the analysis of the allegations of the petition made by counsel for the plaintiff will be sufficient. That analysis is as follows:

That, in case No. 140650 of the Common Pleas Court of Hamilton County, Radina, Rodman and Phillips were appointed receivers of the Millcreek Wagon Company; that under the order of the court in the case the receivers were authorized to carry on and continue the business of the wagon company, but not to borrow money therefor to purchase and pay for necessary materials and supplies; that later, by various orders of court they were ordered to borrow specific amounts for specific purposes, and that under the authority apparently reposed in the receivers by the orders of court, plaintiff had sold the receivers goods and merchandise necessary to the business of the Millcreek Wagon Company, which did not exceed at any time the amount of $2,000, as authorized by the respective orders of court; that since the plaintiff had so sold to the receivers it learned that the receivers had contracted an indebtedness vastly in excess of that authorized by the court, which the receivers have not been able to pay; that the receivers have sold all the property and assets of the Millcreek Wagon Company, and made final and complete distribution of the proceeds and filed their final account therein; that they were not able to pay and did not pay the large indebtedness set forth; that they did not pay their creditors an equal percentage of their claims, but paid some in full; that the purchases of the receivers exceeded the sums authorized to be borrowed by the court, and that such acts constitute a breach of duty, misconduct, etc.; that the amount of such indebtedness so wrongfully contracted is so large, and is distributed among so many creditors that the court is asked to ascertain who they are and how much is due them and to apportion equally the amounts due them; and the plaintiff bringing this suit for itself and for all, asks such amounts may be recovered from the receivers and their bondsmen as to make whole the creditors whose indebtednesses were wrongfully contracted as above set forth; that the

bonds were in the usual form with the American Surety Company as surety and were for $15,000 each, and that by reason of the conduct of the receivers as above set forth there has been a breach of the conditions of the bond for which the surety is liable. The prayer is that the plaintiff's claim for $900 may be allowed against the receivers and their bondsmen, and that the plaintiff may be permitted to sue as a representative of all creditors who are similarly situated, and that plaintiff may have all other and general and equitable relief.

The demurrer is based upon three grounds: first, that there is another action pending between the same parties for the same cause; second, that there is a misjoinder of parties defendant; and third, that the petition does not state facts which show a cause of action.

It will be seen at the first blush that the relief sought for in this petition in so far as it affects the rights of the plaintiff and others similarly situated, against the receivers, is one which might be sought and had in the same action in which the receivers were appointed. The very case relied on by counsel for plaintiff to support his contention that he has a right to bring this action in the form in which it is brought, supports this view. That case is the case of *Haines* v. *Buckeye Wheel Co. et al*, 224 Fed., 289, decided by the U. S. Circuit Court of Appeals for this circuit, on July 20, 1915, wherein an intervening petition by the Buckeye Wheel Company against Haines, receiver, for the doing of such acts as are alleged to have been done by the receivers here, was upheld. But it will be observed that in that case the petition filed was an intervening petition and not an original petition in a separate action, as is the case here. It is true that in that case the court held, where a receiver purchased goods on credit without authority, the sellers could file a joint intervening petition in the receivership proceedings to require the receiver to pay into court the amount of their claims, notwithstanding they could maintain separate independent actions against the receiver and on his bond; but it will be observed that the court did not hold that the said joint petition could be filed and made the subject of a sepa-

rate action, but held (if it can be called a holding at all) that the fact that the sellers might maintain independent actions can not be considered a bar to their right to intervene by way of an intervening petition in the original action in which the receivers were appointed.

Now it is evident when the court speaks of independent actions, it means separate actions at common law against the receivers for money for goods sold and delivered, for which liability attaches on their bonds; and that is clear when one considers the authority upon which the court of appeals made this statement (*In re Erie Lumber Company*, 150 Fed., 817, an opinion by the District Court of the United States for the Southern District of Georgia), wherein in a bankruptcy proceeding the court, in passing upon debts contracted by certain receivers in bankruptcy beyond the amount authorized by the court, said as an *obiter dictum* that those persons to whom these debts were owing and for the payment of whose debts no funds remained in the hands of the court, by reason of the fact that all the funds accounted for by the receivers were applied to the payment of claims having priority, might have their remedy at law by separate actions against the receivers and their bondsmen by reason of the failure on the part of the receivers to faithfully perform and discharge their duties.

The court in this latter case certainly did not mean any more than this, that after all the receivership accounts were adjusted and it was found that there were persons who gave credit to the receivers in matters which were beyond the authority of the receivers under the orders of court, they might have their separate independent actions against the receivers for goods sold and delivered. But it is obvious that that sort of relief is not what is claimed here. This petition asks that this court in an action separate and distinct from the action in which the receiver was appointed, ascertain who are the creditors similarly situated with this plaintiff, what amounts are due them, what amounts over and above the amounts required to put all creditors on an equal basis have been paid to certain creditors by said receivers out of funds in their hands, and what amounts may be

recoverable on account of said excess payments for the equal benefit of all said creditors.

This is asking this court to determine and settle the accounts of a receiver that was appointed in another action pending in this court. That this is not the proper way to proceed is shown by the language of the Supreme Court of Minnesota in the case of *State, ex rel,* v. *Germania Bank of St. Paul,* 103 Minn., 129, at page 143, which is as follows:

"It is elementary that the court appointing a receiver or assignee in insolvency proceedings has and retains exclusive jurisdiction over the proceedings and the receiver or assignee for all purposes, settling and adjusting, in the same proceeding, all conflicting interests, all controversies, and all matters arising out of or connected with the trust, all questions respecting the accounts of the receiver, allowances for his compensation, the compensation of his attorneys, agents, and necessary clerks. No other tribunal has concurrent or other jurisdiction to order or interfere with the receiver in any way in the conduct of the office, or to settle or adjust its accounts. High, Rec., 48; 28 Am. & Eng. Enc. (2d Ed.), 1061; *Conkling* v. *Butler,* 4 Biss. (U. S.), 22 Fed. Cas. No. 3,100; *Smith, Rec.,* 593; *Beverly* v. *Brooke,* 4 Grat., 187.

"This exclusive authority and jurisdiction includes the surcharging of the receiver's accounts for losses incurred through his mismanagement or negligence, and should in the orderly course of procedure be heard and determined in the receivership proceedings and by the court initiating and having jurisdiction of the same. Otherwise there would arise conflicts of authority between different tribunals assuming to act, and confusion in the adjudications affecting the rights and liabilities of interested parties would inevitably follow. Therefore the court first entertaining the proceeding by the appointment of a receiver must retain and continue its jurisdiction until the estate is finally closed by the settlement of the receiver's final account and his discharge. The settlement of the account includes all objections made thereto by creditors, all questions of bad faith, negligence, and mismanagement by the receiver, and should be determined on the final hearing. *Minneapolis Trust Co.* v. *Menage,* 73 Minn., 441, 76 N. W., 195; *In re Angell,* 131 Mich., 345, 91 N. W., 611; *In re Cornell,* 110 N. Y., 351, 18 N. E., 142; *State* v. *Gibson,* 21 Ark., 140."

Even if one were to admit that this proceeding might be maintained in this manner against the receivers, it certainly can not be maintained in this form against the bondsmen, the American Surety Company of New York. The surety company is liable only when it has been shown that there has been a breach of the condition of the bond, and it is liable to each person who has been damaged by that misconduct or non-performance of duty which constitutes a breach of the condition of the bond.

It is almost too plain to need exposition that this surety company can not be made a defendant in an equitable action to surcharge the accounts of receivers, where the relief prayed against the surety company is damages for breach of the conditions of the bond. It is evident from the face of this petition that there are a number of persons who gave credit to these receivers in matters that were beyond the authority of the receivers under the orders of the court. Each of these separate persons, after it is determined by a court, having jurisdiction in the matter, that the receivers are not entitled to charge the amounts so expended against the trust fund until all other creditors are paid, has a right to maintain an independent action for his claim against the receivers if any unpaid balance remains due him, and has a right to make the surety company a party defendant to that action and have a judgment against it in case he is successful. But, it is also true that the surety company has the right to make whatever defense it may have against any separate claim, and to insist on its strict legal right to have a jury determine whether or not under the particular circumstances of the case it is liable upon the bond as for a breach of its condition. Obviously then it can not be compelled to come into court and defend an action which simply seeks to have a court adjust and re-determine the accounts of receivers appointed in a different proceeding, because until that is done it can have no interest in the action.

Therefore, it seems to the court that this demurrer should be sustained for the reason that the relief here sought against the receivers should primarily be adjudicated in the action in which the receivers were appointed. Secondly, even if this pe-

tition had been filed in the original action as an intervening petition for the purpose of readjusting and surcharging the accounts of the receivers, the surety company could be neither a proper nor a necessary party.

As to the question as to whether or not the petition states facts which constitute a cause of action, I am of the opinion that it does; that is, if it were filed as an intervening petition in the original action in which the receivers were appointed against the receivers alone, it would come within the rule laid down in *Haines* v. *Buckeye Wheel Company, supra.*

The demurrer will be sustained, therefore, on the grounds above noted.