ADOLPH G. SIEWERT v. S. W. ANDERSON AND OTHERS.[1]

September 23, 1932.

No. 29,078.

*T. J. Wagemaker* and *L. J. Lauerman,* for appellant.
*Daly & Barnard,* for respondents.

STONE, J.

Action on the bonds of a former guardian of plaintiff's minor wards. Defendants Allen and Strom, sureties on the sale bond hereinafter considered, demurred generally to the complaint. From the order sustaining that demurrer plaintiff appeals.

Plaintiff, as guardian, is successor to defendant Anderson. The latter, while guardian and in 1920, was licensed by the probate court to sell certain lands of the minors. Defendants Allen and Strom were sureties on his sale bond. The sale price of the real estate was $17,140, and a purchase money note and mortgage were accepted for the entire sum. Strange as it may seem in retrospect, the sale on those terms was approved by the probate court. When

[1]Reported in 244 N. W. 337.

Anderson retired as guardian he turned over to plaintiff as his successor the note and mortgage. In the meantime, and over a period of about ten years, he had collected $8,575 in interest. It was deposited without authority in a bank now insolvent, and so lost to the estate. Anyway, that is the theory of plaintiff's case. The one question is whether the sureties on the sale bond are liable for their principal's failure to account for the absent interest money.

The sale bond is thus conditioned:

"If the said S. W. Anderson shall justly and faithfully discharge his duties under said order of license and shall justly and truly account for and pay over according to law all moneys received on account thereof, then this obligation shall be void, otherwise it shall remain in full force and virtue." (There is nothing in the statutes, G. S. 1923 (2 Mason, 1927) §§ 8907 to 8915, to enlarge the coverage of the bond.)

It is plain, we think, that the moneys now in question were received, not under or "on account" of the license to sell, which fixed the liability of the sureties on the sale bond. Rather it was but income on a security held by the guardian, which was part of the general property of the wards. True, he took the note and mortgage by authority of the license to sell and the confirmation of the sale. But thereafter he held them under his general power as guardian and not under any power derived from the license to sell. To hold otherwise would extend the liability of sureties beyond its expressed limitations. That cannot be done. Tomlinson v. Simpson, 33 Minn. 443, 23 N. W. 864.

Of course there are cases where sureties on a sale bond are liable for interest. Wherever they fail to account for the proceeds of the sale, liability for interest thereon follows plainly, as in Durfee v. Joslyn, 92 Mich. 211, 52 N. W. 626; Id. 101 Mich. 551, 60 N. W. 39; and Mann v. Everts, 64 Wis. 372, 25 N. W. 209.

Order affirmed.